**SENTER v. TEAGUE et al.**

(Court of Civil Appeals of Texas. Ft. Worth. Jan. 17, 1914. Rehearing Denied Feb. 14, 1914.)

1. APPEAL AND ERROR (§ 1064*)—HARMLESS ERROR—INSTRUCTIONS—WEIGHT OF EVIDENCE.

In an action on a note executed by defendants P. and S. in renewal of a note by S. alone, S., by way of estoppel, showed that he had held a note against P. secured by mortgage on the same property as that covered by plaintiff's mortgage and on other property as security for an open account due from P., which note he sold to a third person, that plaintiff agreed that he would accept a note executed by P., with sure-

ties other than S., in lieu of his note against P. and S., and wrote to such third person that P. had arranged to take up the first note, and that S. was released from liability thereon, that in reliance thereon S. agreed to an extension of the note held by such third person, and released P. from liability on the open account. *Held,* that an instruction directing a verdict for defendant, if such plea was established, if not as favorable as he was entitled to, was not reversible error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4219, 4221–4224; Dec. Dig. § 1064.*]

2. APPEAL AND ERROR (§ 1170*)—HARMLESS ERROR—INSTRUCTIONS—RULE.

In such action there was evidence that plaintiff had agreed to cancel the note if P. would execute and deliver a satisfactory note, with sureties other than S., which was never done, and that plaintiff had only said to such third person that P. had agreed to make a satisfactory settlement of the note, and no evidence that S., the codefendant, signed a renewal with P. to such third person, instead of merely reducing the account he held against P., or against proof that P. was insolvent, so that no substantial part of the account due to S. could have been collected. The court instructed that, if the only agreement was that made by plaintiff to cancel the joint note upon P.'s execution of another bankable note, and that if the note offered by P. was not satisfactory, plaintiff could recover against both defendants. Rule 62a for Courts of Civil Appeals (149 S. W. x) forbids reversals for error, unless it was such a denial of the appellant's rights as probably caused the rendition of an improper judgment, or prevented him from a proper presentation of the case to the appellate court. *Held,* that any error in such instruction was not reasonably calculated to cause, and did not probably cause, the rendition of an improper verdict, and hence was not ground for reversal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4032, 4066, 4075, 4098, 4101, 4454, 4540–4545; Dec. Dig. § 1170.*]

3. TRIAL (§ 253*)—INSTRUCTIONS—ESTOPPEL.

In an action on a note, requested instructions for defendant on the plea of estoppel, ignoring the issue of defendant having placed himself in a worse position by reliance thereon, were properly refused.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 613–623; Dec. Dig. § 253.*]

4. DEPOSITIONS (§ 70*) — SUPPRESSION — KNOWLEDGE AND BELIEF.

The fact that depositions were sworn to as being true to the best of deponent's knowledge and belief, instead of stating that the answers were true absolutely, was no ground for suppressing them, especially where the answers themselves were direct and positive statements, and in no sense the opinion of the witness, or based on hearsay.

[Ed. Note.—For other cases, see Depositions, Cent. Dig. §§ 161–164; Dec. Dig. § 70.*]

5. PRINCIPAL AND SURETY (§ 16*)—CREATION OF RELATION—CHANGE FROM PRINCIPAL DEBTOR TO SURETY.

The fact that a defendant, in an action on a note, agreed with another defendant who had made the note to assume the payment of it would not of itself show that thereafter the holder could hold the original maker as surety only.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. § 35; Dec. Dig. § 16.*]

6. BILLS AND NOTES (§ 511*)—EVIDENCE—MATERIALITY.

In an action against two makers of a note given in renewal of a note executed by one of the defendants alone, in which the original mak-

er claimed a discharge by estoppel, evidence of the other defendant that he, a third person, and such original maker agreed that such third person would renew his note against defendants, and release the original maker therefrom, if witness would bring a statement from plaintiff releasing such maker, was properly excluded, since such agreement would in no manner affect the plaintiff.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1760–1770; Dec. Dig. § 511.*]

**7. BILLS AND NOTES (§ 504*)—ADMISSIBILITY OF EVIDENCE—LOSS TO SURETY.**

In an action on a note, plaintiff's evidence as to the solvency of one of the defendants, that, if he had anything, he had never heard of it or seen it, was material, as showing that the other defendant sustained no loss by releasing an account which he held against his codefendant.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1719–1727; Dec. Dig. § 504.*]

**8. EVIDENCE (§ 322*)—ADMISSIBILITY—HEARSAY.**

Such evidence was not objectionable as hearsay, where plaintiff was in such a position that, if such maker owned any property, he would likely have known of it.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1203–1213; Dec. Dig. § 322.*]

Appeal from Johnson County Court; J. B. Haynes, Judge.

Action by T. A. Teague against J. W. Patrick and J. M. Senter. Judgment for plaintiff, and defendant Senter appeals. Affirmed.

W. B. Harrell and S. C. Padelford, both of Cleburne, for appellant. W. H. Spinks, of Alvarado, and Walker & Baker, of Cleburne, for appellee.

DUNKLIN, J. T. A. Teague instituted this suit against J. W. Patrick and J. M. Senter upon a promissory note executed by the defendants in favor of the plaintiff, and, from a judgment in favor of the plaintiff, Senter has appealed.

The evidence shows that the note in suit was a renewal of another note executed by Senter alone as consideration for two mules sold to him by Teague. The mules were afterwards sold by Senter to Patrick, who assumed payment of the note. The principal defense urged by Senter consisted of the contention that he was released by Teague from liability upon the note by reason of the following facts alleged in his answer, to wit: Senter held another note against Patrick secured by a mortgage on the same property covered by plaintiff's mortgage, as well as other property, which he sold to Dr. Campbell, and which Patrick desired to renew with Campbell. Patrick, who was a tenant of Senter, was also indebted to Senter in the sum of about $180 upon open account, which was likewise secured by the same mortgage transferred to Campbell. Senter was unwilling to a renewal of the note held by Campbell against Patrick, unless Teague would release him from liability upon the note held by him against Patrick and Senter,

but was willing to agree to a renewal of the note held by Campbell, and also to discharge the account he held against Patrick, if Teague would release him from liability on the note which Teague held. These facts were communicated to Teague, who thereafter agreed with Patrick that, if the latter would execute to him a new note with sureties other than Senter, satisfactory to Teague, he (Teague) would accept the same in lieu of the note he then held against Senter and Patrick, and at the same time wrote a letter to Campbell, which was afterwards duly delivered and later shown to Senter, stating, in substance, that Patrick had made satisfactory arrangements to take up the note of Senter and Patrick, and that Senter had been released from liability upon that note. Senter further alleged that, relying upon said representations by Teague, he agreed to an extension of the note held by Campbell, and also released Patrick from liability upon the open account, and hence upon the principle of estoppel he had been discharged from liability to Teague upon the note sued on.

[1] There was evidence tending to support the allegations of fact recited above in the plea of estoppel, all of which was submitted in detail in the second paragraph of the court's charge to the jury, with an instruction that, if those facts had been established by the evidence, a verdict should be returned in favor of Senter. Several assignments of error are presented to that paragraph of the charge, substantially to the effect that, if it was shown by the evidence that Teague wrote to Campbell such a letter as pleaded, stating that Senter was released from liability on the note in suit, and that, relying upon the same, Senter consented to a renewal of the note held by Campbell, and also surrendered the account held by him against Patrick, those facts alone would constitute a sufficient defense to the note independent of other facts pleaded, and that the effect of the charge was to require the jury to find all of the facts pleaded as an estoppel before a verdict could be returned in his favor. The instruction was favorable to Senter; in no wise did it authorize a verdict in favor of the plaintiff; it followed the allegations contained in Senter's plea of estoppel, and, even though it should be held not as favorable to him as he was entitled, still it cannot be said to be such an error as would require a reversal of the judgment. Abilene L. & W. Co. v. Robinson, 146 S. W. 1052, and cases there cited.

[2] Teague testified, in effect, that when Patrick requested of him a release of Senter from liability on the note in suit, he agreed with Patrick to cancel that note, if Patrick would execute and deliver to him a new note with sureties thereon that would be accepted and cashed by the bank at Alvarado, and that that was the only agreement he made

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

with Patrick relative to a cancellation of the note in question. He further testified that Patrick mentioned the names of two persons whom he said he could get to sign a new note with him as sureties; that he asked the cashier of the bank whether or not a note signed by those two men as sureties would be accepted by him as a bankable note, and that the cashier replied in the negative; that later he told Patrick that the bank would not accept such a note; that Patrick never offered such a note to him thereafter; that the written communication he sent to Campbell contained nothing more than a statement that he and Patrick had "agreed to make a satisfactory settlement or arrangement" of the note in controversy in this suit.

By the third paragraph of the court's charge the jury were instructed that, if the proposition by Teague to Patrick detailed by Teague in his testimony and noted above, was the only agreement or proposition which was made by Teague to Patrick, and the note which Patrick proposed to give Teague was not such a note as the bank would accept and pay cash therefor, then a verdict should be returned in favor of Teague against Senter, as well as Patrick. By several assignments appellant insists that, if the communication addressed to Campbell by Teague contained the statement, as testified by two or three witnesses, that Senter had been released from the note in controversy, and if Senter saw the communication, and was induced thereby to agree to an extension of the note held by Campbell, and to release his account against Patrick, plaintiff would be estopped from holding him liable in this suit, and that the instruction contained in the third paragraph of the charge and last noted had the effect of excluding this defense. Under none of the assignments complaining of that paragraph of the charge is there a statement of any evidence showing that appellant sustained any loss by reason of his reliance upon the statement contained in the communication to Campbell. No evidence is pointed out to show that appellant signed a renewal note with Patrick to Campbell, instead of merely releasing the account he held against Patrick and the lien to secure the same without signing the renewal, as indicated was done by certain portions of Patrick's deposition offered by appellant, and the refusal of which is made the basis of the nineteenth assignment of error. There is a statement that he told Patrick that he released him from the account which Patrick owed him, amounting to about $180; but no testimony is referred to in the statement under the assignments to refute the testimony of Teague and other facts and circumstances in evidence which seemingly establish the conclusion without doubt that Patrick was insolvent, and hence that no substantial portion of the account he owed appellant could have been collected.

Furthermore, the instruction in the third paragraph begins with the expression, "on the other hand, you are instructed that, if you find from the evidence that the only agreement or proposition which was made by the plaintiff to J. W. Patrick to pay off and satisfy or release or cancel the note sued upon was the execution of another note which the said Patrick was to have executed, and that it was to be a bankable note, that is, one that would be accepted by the bank in Alvarado, and cashed by the said bank," thus indicating that the court intended to submit to the jury the negative of the alleged facts set out in the second paragraph relative to what Teague agreed to do; in other words, to submit the converse of those facts. And if it be true, as submitted in the third paragraph, and evidently as found by the jury, that the only proposition or agreement made by Teague was that he would release Senter from the note in the event only that Patrick should deliver to him in lieu of the note sued on another note which could be cashed in the bank, then it would follow necessarily that Teague did not write a letter to Campbell agreeing that Senter had been released from the note in controversy. At all events, if there was error in the instruction contained in the third paragraph of the charge, we cannot say that the same was reasonably calculated to cause, and probably did cause, the rendition of an improper verdict. Rule 62a (149 S. W. x).

[3] Error has been assigned, also, to the refusal of several requested instructions upon the plea of estoppel, but the refusal of which was not error for another reason, and that is, that they ignored the issue of appellant having placed himself in a worse position by reason of relying upon the communication addressed to Campbell by Teague.

[4] The fact that the depositions of Patrick were sworn to by him as being true to the best of his knowledge and belief, instead of stating that the answers were true absolutely and unqualifiedly, was no ground for suppressing the depositions, especially in view of the fact that the answers themselves appear to be direct and positive statements, and in no sense the opinion of the witness, or based on hearsay.

[5] There was testimony tending to show that the animals covered by the mortgage held by Teague died from starvation, and that before they died Teague was notified that they were without feed, but that he failed to take charge of them, or care for them, or to make any arrangements therefor. By the eleventh assignment of error complaint is made of the refusal of a requested instruction to the effect that, if Teague was notified of their condition in time to have prevented their loss by properly caring for them, and that his failure to do so was negligence, and that if the jury should find that Senter was a surety on the note held by Teague, and that Teague wrote

a letter to Campbell stating that Senter had been released from the note, then the amount of the verdict against Senter would be limited to the difference between the amount due on the note and the reasonable value of the animals at the time Teague was informed that they were without feed, and probably would die, unless cared for. A sufficient answer to this assignment is that there is no evidence in the record to show that as between the plaintiff Teague and appellant the latter was a surety only upon the note. The fact that Patrick agreed with Senter .to assume the payment of the note originally given by the latter to Teague would not of itself show that thereafter Teague could hold Senter upon the note as surety only, as insisted by the eighteenth assignment of error.

[6] There was no error in excluding the answer of Patrick shown in his deposition to the effect that he, Campbell, and Senter agreed that Campbell would renew the note held by Campbell against Patrick and Senter, and release Senter therefrom, if the witness would bring a statement from Teague releasing Senter from the note in suit, since that agreement could in no manner affect Teague.

[7, 8] By the twentieth assignment complaint is made of the admission of the testimony of plaintiff as follows: "As to the solvency of Patrick, if he has got anything, I never heard of it and never saw him with it." The objection urged to that testimony was that it was immaterial and hearsay. This evidence was certainly material to show that appellant sustained no loss by releasing the account he held against Patrick, and, as Teague was in such a position that, if Patrick owned any property, he would likely have known of it, we do not think the evidence was objectionable as hearsay.

The judgment is affirmed.