Plaintiffs in error, who were plaintiffs below, instituted an action in assumpsit against defendant in error. At the instance of plaintiffs, two commissions were issued on December 31, 1924, to take by deposition the testimony of three material witnesses for plaintiffs. The *Page 853 
executed commissions were returned, filed and docketed in the court from which they were issued, one on January 17th, 1925, the other on January 19, 1925.
The cause came on for trial on April 15th, 1925. After the jury had been sworn and the parties had therefore gone to trial, plaintiffs offered to read the depositions in evidence, to which objections were interposed by the defendant upon the grounds that it affirmatively appears (1) that the witnesses were not sworn according to law; (2) that the commissioner did not take the oath provided by law before attempting to execute the commission; and (3) that the purported oath of the witnesses were taken before notaries public and not before the designated commissioners as such. The objections were sustained, thereby in effect suppressing the depositions, whereupon the plaintiffs suffered a non-suit with bill of exceptions. Sec. 2907, Revised General Statutes 1920. After the trial court had overruled a motion to set aside the judgment of non-suit, plaintiffs took writ of error to the final judgment entered.
The question presented here is whether or not the trial court erred in sustaining defendant's objections to the depositions. Plaintiffs in error contend that the objections are not only without merit, but that they pertain to "the execution of the commissions" or to "the manner in which the depositions were taken," and therefore have been waived because they were not made and disposed of before trial. Rule 45 for the Circuit Courts in common law actions. Cannon v. Green, 56 Fla. 211, 47 So.2d Rep. 935. Defendant in error contends that the objections are meritorious; that they pertain to the "competency" of the several witnesses, and therefore "may be made when the deposition is produced in the same manner as if the witness were personally examined on the trial." Sec. 2760, Rev. Gen. Stats. 1920; Walls v. Endel, 17 Fla. 478. *Page 854 
One commission was issued to A. P. Coffee, as commissioner, to take the deposition of J. J. McLeod and R. W. Hubbard, witnesses. The latter does not appear to have testified. The other commission was issued to Sarah Hendel, as commissioner, to take the depositions of B. L. Graham.
With reference to the first deposition, the bill of exceptions discloses the following oath appended at the end of the interrogatories to and the answers thereto of the witness J. J. McLeod:
"STATE OF OKLAHOMA, COUNTY OF TULSA.
"Before me, the undersigned authority, personally appeared J. J. McLeod, Tulsa, Oklahoma, who, being duly sworn, says that the answers shown above are true and correct to the best of his knowledge and belief.
(Signed) "J. J. McLEOD.
"Sworn to and subscribed before me this 12th day of January, A.D. 1925.
(Signed) "A. P. COFFEE,
"Notary Public. My commission expires Aug. 22, 1928. "(SEAL)."
The commissioner, Coffee, subscribed before a Notary Public the statutory oath prescribed for commissioners (Sec. 2751, Rev. Gen. Stats. 1920), on January 13th, 1925, the day following the execution of the jurat appended by him to the oath of the witness, McLeod.
Upon the other deposition, the following appears after the answers and signature of the witness, Graham:
"Sworn and subscribed before me this twelfth day of January, A.D. 1925.
"My Commission will expire March 7, 1925.
"Sara M. Hendel, Notary Public."
The commissioner, Sara Hendel, subscribed the statutory *Page 855 
oath prescribed for commissioners on January 14th, 1925, two days after the execution of the jurat appended by her to the oath of the witness Graham.
A variety of elements enter into the competency of a witness. The common law excluded as incompetent witnesses (1) parties to the suit; (2) persons deficient in understanding; (3) persons insensible to the obligations of an oath; and (4) persons whose pecuniary interest is directly involved in the matter in issue. Of course, some of these disabilities have long since been removed by statute, but sensibility to and appreciation of the obligation of an oath is still a requisite to competency. Greenleaf on Evid. (16th Ed., Sec. 327); King's Lake Drainage Dist. v. Jamison, 75 S.W. Rep. 679, 683. Webster's International Dictionary defines the word "competent" to mean "answering to all requirements; adequate; sufficient; suitable; capable; legally qualified; fit." A person may be capable of testifying and still be not "competent" to testify. "Competency," as applied to a witness, involves both capability and qualification, and imports the existence of all essentials to render the witness lawfully fit to testify. In order to be competent, a witness must understand the nature of and must qualify himself by taking an oath which he considers binding on his conscience. 40 Cyc. 2203. An attempted oath administered by one who is himself not qualified to administer it is abortive and in effect no oath. See Phelps v. Jones, 15 S.W. 668. Hence the witness being not under oath is not a competent witness.
The objections of the defendant not only question the qualification of the commissioners to administer any oath at all to the witnesses but also question the sufficiency of the oath as administered. These objections therefore extend to the "competency" of the witness and may be interposed when the deposition is produced at or during the *Page 856 
trial in the same manner as if the witness were being personally examined. Sec. 2760, Rev. Gen. Stats. 1920. It is true the depositions might have been opened prior to the trial by consent or upon order of the judge (Sec. 2755, Revised General Statutes 1920, Rule 46 Cir Cts.), but in view of Sec. 2760, Revised General Statutes, 1920, the right to object to the "competency" of deponent "when the deposition is produced, in the same manner as if the witness were personally examined on the trial" is not lost by the failure of the objector to seek the opening of the deposition prior to the trial by one or either of the methods just mentioned. No circumstances appear which amount to a waiver of these objections by the defendant, either by being present at the taking of the depositions and cross examining the witness, or otherwise. But for the provisions of Sec. 2760, supra, the failure of the defendant to exercise his right to be present or represented at the taking of the depositions and to then object to the matters here raised might constitute a waiver thereof. See Shutts v. Thompson, 15 Wall. (U.S.) 151; 21 L.Ed. 123; Howard v. Stillwell, etc., 139 U.S. 199; 35 L.Ed. 147. But these objections reached the "competency" of the witness and Sec. 2760, supra, expressly provides that such objections may be raised "when the deposition is produced, in the same manner as if the witness were personally examined on the trial."
Statutes respecting the taking of depositions must be substantially complied with and no material deviation therefrom will be allowed, except by the agreement or waiver of the parties. Testimony taken by deposition must be attended by the same solemnity and must be encompassed by the same safeguards as to oath and otherwise as any other testimony.
Assuming, without deciding, that the form of the oaths *Page 857 
here in question are sufficient (See Markey v. State, 47 Fla. 38, 37 So.2d Rep. 53; Settles v. State, 75 Fla. 296, 78 South. Rep. 287; 22 Am. Eng. Encyc. Plead. Prac. 1350; Senter v. Teague, 164 S.W. Rep. 1045; 18 C. J. 711; Ballard v. Eckman,20 Fla. 661; Bowes v. Hoeg, 15 Fla. 403), our statutes contemplate that the designated commissioner shall first qualify himself as such by properly assuming the obligation of the oath prescribed for commissioners by Sec. 2751, Revised General Statutes 1920, before administering the oath to the witnesses. Until the commissioner has properly assumed the obligation of that oath he is not qualified to act as commissioner in the administering of oath to the witnesses. See Phelps v. Jones, 15 S.W. Rep. 668; 20 R. C. L. 506. Although his authority to act as commissioner emanates from the order appointing him, such authority necessarily becomes operative only after the commissioner has qualified himself to exercise that authority in the manner prescribed by the statutes. The commissioner's qualifying oath is not merely evidence that he possesses the requisite qualifications. It also contemplates and embodies an affirmative preliminary act by which the commissioner assumes the solmen obligation required of him by the statute as a condition precedent to acting in a capacity which involves the administration of an oath to a witness — a proceeding in which the commissioner must stand impartial, and must be otherwise qualified to perform at the time. Even though the commissioner in fact possesses the qualifications prescribed by Sec. 2751, Revised General Statutes 1920, a subsequent evidentiary showing thereof does not dispense with the obligation which the commissioner must first assume. The statute requires the commissioner to make oath "that he 'will' well and faithfully perform the duties of commissioner," — not that he "has" performed them — an obligation *Page 858 
which it seems to us is an indispensable prerequisite to the performance of his duties, and by which he should be bound while performing those duties.
Several cases which have come to our attention, and which might appear upon casual inspection to indicate a rule contrary to that just announced, are clearly distinguishable from this case. In Keeney v. Leas, 14 Iowa 464, the deposition was taken before a Notary Public who had not recorded his commission prior to taking the depositions. It was held that he was an officer de facto, and that the deposition was admissible. A commissioner under our statute to take testimony by deposition, however, is not a public officer within the meaning of the doctrine relating to de facto public officers. 22 R. C. L. 398. In Allen v. Perkins, 17 Pick. (Mass.) 369, it appeared by primafacie proof that the Justice of the Peace before whom the depositions were taken had been duly appointed and qualified so as to authorize him to take the depositions. In this case it affirmatively appears that the commissioners were not qualified when they acted. In Adams v. Graves, 18 Pick. (Mass.) 355, the decision turned upon a controlling Rule of Court. In Brinkley v. Bell, 62 S.E. Rep. 67, it was held that the depositions in question were not inadmissible because it did not affirmatively appear from the commissioner's certificate thereto that he was a sworn officer. The presumption of regularity no doubt controlled the decision in this case. See 18 C. J. 706. In the present case, however, any presumption is overcome by the affirmative disclosure that the commissioner's oath was subsequently taken.
Since the commissioners were not qualified to administer the oaths to the witnesses, the defendant's second objection was properly sustained. It is therefore unnecessary to examine the other objections. *Page 859 
We find in the transcript no motion for the allowance of time to retake the depositions under Circuit Court Rule 45, nor any ruling of the trial judge on such a motion. We notice a reference to such a motion in an affidavit contained in the transcript but we can not consider the question of whether or not the justice of the case required a continuance and the allowance of time to re-take the depositions upon a mere inferential showing that a proper motion was interposed and a ruling had thereon. Under the circumstances disclosed in the transcript there was no error in the action of the trial judge in overruling plaintiff's motion to set aside the judgment of non-suit and to reinstate the case, which motion was made the day following the entry of the non-suit.
Affirmed.
ELLIS, C. J., AND BROWN, J., concur.
TERRELL AND BUFORD, J. J., concur in the opinion and judgment.