445 So.2d 381 (1984)
Leon D. KERNEY, Appellant,
v.
STATE of Florida, Appellee.
No. 83-1459.
District Court of Appeal of Florida, Second District.
February 3, 1984.
Jerry Hill, Public Defender, and Paul C. Helm, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Leon Kerney appeals from a conviction and sentence for burglary.
In the judgment, appellant was ordered to pay $10 pursuant to section 960.20, Florida Statutes (1981) (Crimes Compensation Trust Fund), and $2 pursuant to section 943.25(4), Florida Statutes (1981) (Law Enforcement Training and Correctional Officer Training Trust Fund). Because he is an indigent, appellant argues that the portion of the trial court's order assessing such costs is improper.
In Jenkins v. State, 444 So.2d 947 (Fla. 1984), the supreme court determined that the assessment of costs under section 960.20 and section 943.25(4) against an indigent defendant was permissible only after the defendant has been given adequate notice of such assessment and full opportunity to object to the assessment. Further the supreme court stated that any enforcement of the collection of those costs must occur only after a judicial finding that the indigent defendant has the ability to pay in accordance with the principles of Fuller v. Oregon, 417 U.S. 40, 94 S.Ct. 2116, 40 L.Ed.2d 642 (1974). These costs have no priority over costs owed to the county pursuant to section 939.15, Florida Statutes (1981).
Here, as in Jenkins, no prior notice was given to appellant that costs under section 960.20 and section 943.25(4) would be assessed against him. Accordingly, the assessment was not appropriate and is hereby STRICKEN. Our decision is without prejudice to the state to tax these costs in accordance with the procedure outlined in Jenkins.
In all other respects, the judgment and sentence are AFFIRMED.
OTT, C.J., and BOARDMAN and CAMPBELL, JJ., concur.