SCHEB, Judge.
Alphonso Williams appeals from his judgment and sentence for possession of a controlled substance.
In the judgment, appellant was ordered to pay twenty dollars pursuant to section 960.20, Florida Statutes (1981) (Crimes Compensation Trust Fund), and two dollars pursuant to section 943.25(4), Florida Statutes (1981) (Law Enforcement Training and Correctional Officer Training Trust Fund). Because he is an indigent, appellant argues that the portion of the trial court’s order assessing such costs is improper.
In Jenkins v. State, 444 So.2d 947 (Fla.1984), the supreme court determined that the assessment of costs under section 960.-20 and section 943.25(4) against an indigent defendant is permissible only after the defendant has been given adequate notice of such assessment and full opportunity to object to the assessment. Where no prior notice has been given, this court has stricken the assessment of such costs. Kerney v. State, 445 So.2d 381 (Fla.2d DCA 1984).
Here, nothing in the record indicates that the appellant was given notice and an opportunity to object to the assessment of costs under sections 960.20 and 943.25(4). Accordingly, the assessment was not appropriate and is hereby stricken. Our decision is without prejudice to the state to tax these costs in accordance with the procedure outlined in Jenkins.
In all other respects, the judgment and sentence are affirmed.
HOBSON, A.C.J., and RYDER, J., concur.