SCHEB, Judge.
Walter Reed King was convicted of conspiracy to traffic in cannabis and was sentenced to fifteen years imprisonment. He was declared indigent prior to trial and subsequently for the purpose of appeal. Along with his term of imprisonment, the trial court also ordered King to pay a fine of $10,000 and assessed the following costs and fine against him: court costs of $500; $10 pursuant to section 960.20, Florida Statutes (1981) (Crimes Compensation Trust Fund); $2 pursuant to section 943.-25(4) (Law Enforcement Training and Correctional Officer Training Trust Fund); and $10 pursuant to section 775.0835 (optional fine for Crimes Compensation Trust Fund).
On appeal King challenges the fines and costs imposed on the ground that he was indigent at the time of sentencing.
The mere fact of King’s indigency is no basis for challenging the $10,000 fine. Nash v. State, 434 So.2d 33 (Fla. 2d DCA 1983). However, we hasten to point out that if King is financially unable to pay the fine, the court may not impose an alternative sentence of imprisonment for his failure to pay. Tate v. Short, 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130 (1971); Rollins v. State, 299 So.2d 586 (Fla.), cert. denied, 419 U.S. 1009, 95 S.Ct. 328, 42 L.Ed.2d 283 (1974); Dunn v. State, 247 So.2d 26 (Fla. 2d DCA 1971).
The assessment of costs under sections 960.20 and 943.25(4) would be permissible if King was first given adequate notice of such assessment and full opportunity to object. Jenkins v. State, 444 So.2d 947 *1110 (Fla.1984). Where no prior notice has been given, this court has stricken the assessment of such costs. Kerney v. State, 445 So.2d 381 (Fla. 2d DCA 1984).
Here, nothing in the record indicates that King was given notice and an opportunity to object to the assessment of costs under sections 960.20 and 943.25(4). Accordingly, the assessment of these costs was inappropriate and is hereby stricken. Our decision is without prejudice to the state to tax these costs in accordance with the procedure outlined in Jenkins. See also Williams v. State, 445 So.2d 408 (Fla. 2d DCA 1984).
The trial court also erred in imposing the $500 court costs against King since he had been adjudged insolvent. Cox v. State, 334 So.2d 568 (Fla.1976); Brown v. State, 427 So.2d 271 (Fla. 2d DCA 1983). Accordingly, the assessment of this cost is stricken.
Finally, we address the fine assessed under section 775.0835, which authorizes the court to order an optional fine, not to exceed $10,000, payable to the Crimes Compensation Trust Fund. However, such a fine may be ordered only if the crime pled to, or convicted of, is a felony or misdemeanor which results in the injury or death of another person. Because King was convicted of a felony which did not result in the personal injury or death of another person, the court was not authorized under the statute to order such a fine. Moore v. State, 422 So.2d 1069 (Fla. 2d DCA 1982). Accordingly, we strike the $10 fine imposed pursuant to section 775.0835.
We have examined all other points raised by King and find them to be without merit. Therefore, in all other respects, we affirm his judgment and sentence.
GRIMES, A.C.J., and RYDER, J., concur.