RYDER, Judge;
Appellants Hale and Rios, through an Anders v. State of California[1] brief, seek review of their judgments and sentences for robbery with a deadly weapon in violation of section 812.13(2)(a), Florida Statutes (1981). Although informed of their right to file a supplemental brief, neither appellant has chosen to exercise this right. Therefore, after reviewing the Anders brief and examining the record on appeal, we find no merit in the contentions that there was insufficient evidence to sustain the convictions and that the trial court committed reversible error in admitting the statements made by appellant Rios and overheard by Officer Lash.
In the Anders brief, appellants’ counsel also argued the trial court erred in ordering each appellant to pay $10.00 pursuant to section 960.20, Florida Statutes (1981), (Crimes Compensation Trust Fund) and $2.00 pursuant to section 943.25(4), Florida Statutes (1981), (Law Enforcement Training and Correctional Officer Training Trust Fund). Upon examination of the record, we strike the portion of each appellant’s judgment and sentence which requires him to pay the above-mentioned costs because we find nothing in the record to indicate that either appellant was given notice that these costs would be imposed and was also given an opportunity to object to the assessments. Jenkins v. State, 444 So.2d 947 (Fla.1984); Kerney v. State, 445 So.2d 381 (Fla. 2d DCA 1984). Our decision to strike the court costs is without prejudice to the state to tax these costs in accordance with the procedure outlined in Jenkins.
*1180 Therefore, we AFFIRM the convictions and sentences as modified herein.
BOARDMAN, A.C.J., and SCHEB, J., concur.

. 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed. 493 (1967).