459 So.2d 1101 (1984)
Dennis WOOLLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 83-2463.
District Court of Appeal of Florida, Second District.
November 7, 1984.
Rehearing Denied December 11, 1984.
*1102 Jerry Hill, Public Defender, Bartow, and Deborah K. Brueckheimer, Asst. Public Defender, Clearwater, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Theda James Davis, Asst. Atty. Gen., Tampa, for appellee.
LEHAN, Judge.
Defendant appeals from an order revoking his probation, a conviction for grand theft, and sentences imposed for burglary, the charge for which he had been put on probation, and grand theft. We affirm the revocation of probation and the conviction for grand theft but remand for correction of the sentence.
On June 23, 1982, defendant was placed on four years probation for burglary. On March 28, 1983, an affidavit of violation of probation was filed alleging that defendant had violated his probation by committing a grand theft on February 22, 1983. The evidentiary hearing on the charge of violation of probation was held at the same time as the trial for the grand theft charge. After the trial was concluded, but before the jury returned with a verdict, the trial court determined that defendant had violated his probation.
Defendant contends that the trial court failed to make an adequate finding that the greater weight of the evidence had shown defendant had committed the crime. We disagree. The record supports the trial court's revocation of probation based on the evidence heard at trial.
Defendant also contends that the trial court erred in denying his motion to suppress the stolen property which resulted in the charge of grand theft against defendant. We disagree. The motion to suppress alleged that the search and seizure was warrantless, unreasonable, and a violation of defendant's rights under the Fourth Amendment to the United States Constitution. At the hearing on the motion to suppress the state responded that a warrant was unnecessary because section 232.256, Florida Statutes (1983), allows school officials to search a student's locker if there is reasonable suspicion that the locker contains an illegally possessed object. The state argued that the defendant had not alleged lack of reasonable suspicion as a ground for his motion and that the state, therefore, would not present the testimony of its witnesses to prove the existence of reasonable suspicion. Defense counsel nevertheless neither raised nor argued lack of reasonable suspicion and, in effect, by only arguing other aspects unrelated to reasonable suspicion, acceded to the state's argument.
Although under Morales v. State, 407 So.2d 321 (Fla. 3d DCA 1981), the burden of proof to establish an exception to the Fourth Amendment shifts to the state when a defendant shows a warrantless governmental search of his person or effects, in this case the state did carry its burden. If, as here, the state prima facie carries its burden of proof by showing that section 232.256 applies and the defendant accedes to the state's position, defendant has not preserved the point for appeal because the trial court was given no opportunity to address the issue which defendant now raises on appeal. The reasonable suspicion required by section 232.256 is different from probable cause. State v. D.T.W., 425 So.2d 1383 (Fla. 1st DCA 1983).
As his final point, defendant raises several alleged errors in sentencing. First, although the sentences on the grand theft charge and burglary charge are to run concurrently, defendant was given credit for twenty-seven days time served *1103 only on the burglary charge, not on the grand theft charge. We agree with defendant that credit for time served should apply to both concurrent sentences. Martin v. State, 452 So.2d 938 (Fla. 2d DCA 1984). Also, in the court's oral pronouncement of sentence, the defendant was ordered to pay a total of $30.00 in court costs, but the written judgment shows an imposition of $50.00 in costs. The written judgment should be corrected to conform to the oral pronouncement of sentence.
Finally, defendant relies upon Jenkins v. State, 444 So.2d 947 (Fla. 1984), and King v. State, 445 So.2d 1108 (Fla. 2d DCA 1984), for his contention that because he was not given notice of the court's intention to impose court costs and an opportunity to object, those costs should be stricken. However, those cases involved indigents, and defendant had not been declared indigent at the time of sentencing.
The revocation of probation and the conviction for grand theft are affirmed, but the cause is remanded to the trial court for correction of the sentencing consistent with this opinion.
RYDER, C.J., and CAMPBELL, J., concur.