498 So.2d 958 (1986)
Claude Lee IRONS, Appellant,
v.
STATE of Florida, Appellee.
No. 85-1456.
District Court of Appeal of Florida, Second District.
September 3, 1986.
*959 James Marion Moorman, Public Defender, and Ann N. Radabaugh, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellee.
RYDER, Judge.
Claude Irons appeals his conviction and sentence for armed robbery. We reverse.
After the state charged Irons with armed robbery, he filed a motion to suppress all evidence which a sheriff seized subsequent to a warrantless stop of the car appellant was driving. In his motion, Irons stated that a deputy sheriff stopped his car, detained him and two other occupants, and searched the vehicle. Irons further averred that the stop was unlawful because the deputy did not have an articulable suspicion which justified the stop of the vehicle.
At the hearing on the motion, the state requested the court to deny the motion on the ground of legal insufficiency. The state argued that the failure of the motion to include a pertinent fact which the defense knew, that the sheriff stopped appellant pursuant to a BOLO, failed to give the court sufficient grounds and facts upon which to make a proper decision. The state also argued that the facts within the motion were not detailed enough to shift the burden to the state, and that all of Irons' allegations were mere conclusions of law. The court denied the motion to suppress, finding that it contained insufficient facts and merely conclusions of law.
Florida Rule of Criminal Procedure 3.190(h)(2) requires a motion to suppress to state the evidence sought to be suppressed, the reasons for suppression, and a general statement of facts. Irons' motion listed in detail the evidence he sought to have suppressed. It stated that the stop was not justified by an articulable suspicion, and that, but for the stop, the search and seizure by the state would not have obtained the evidence. The motion also contained a general statement of facts concerning the stop. Appellant was not required to state that the sheriff stopped him pursuant to a BOLO. Irons' sole burden was to show the absence of a warrant. At this point, the burden shifted to the state to demonstrate that the police acted within a recognized exception to the warrant requirement. Woolley v. State, 459 So.2d 1101, 1102 (Fla.2d DCA 1984), petition for review denied, 466 So.2d 218 (Fla. 1985); Walker v. State, 433 So.2d 644, 645 (Fla.2d DCA 1983). The trial judge erred in denying appellant's motion to suppress based on the legal insufficiency of his motion.
Irons also complains that he was not permitted to present certain evidence on his behalf. We shall briefly address this issue because it is likely to recur in the new trial. As part of the state's case Tremayne *960 Jolly testified that he, Irons and a third person were each involved in the commission of the subject robbery. Later in the trial, Irons proffered several witnesses who testified that Jolly had told them that Irons had not participated in the robbery. Apparently on grounds of hearsay, the court refused to permit this testimony because the witnesses were unable to say that Tremayne specifically admitted committing the robbery himself. The court properly refused to permit the testimony but not for the reasons discussed at the trial. The testimony could have been introduced to impeach Jolly by prior inconsistent statements. § 90.608(1)(a), Fla. Stat. (1985). However, as presented, the testimony was inadmissible because of the failure to first afford Jolly an opportunity to explain or deny the prior statements. § 90.614(2).
Irons' conviction is vacated, and the case is remanded for a new trial. See Greene v. State, 351 So.2d 941 (Fla. 1977). Prior to the trial, the court should conduct a full evidentiary hearing on the motion to suppress.
GRIMES, A.C.J., and CAMPBELL, J., concur.