PER CURIAM.
Appellant was charged by information with possession of cocaine. He entered into a stipulation with the state to plead to the lesser included offense of attempted possession of cocaine. As part of the stipulation, appellant reserved the right to appeal the trial court’s denial of his motion to suppress evidence obtained as a result of a secret tape recording of his conversation with two others in the back of a police vehicle. The trial court accepted the plea and sentenced appellant to one year of probation. He now appeals the trial court’s denial of his motion to suppress. We reverse.
Some time after the police stopped the vehicle in which appellant traveled with two other males, the officer asked the driver if he could search the vehicle. When the driver consented to the search, the officer asked the driver and two passengers, one being appellant, if they would sit in the patrol car while he searched the vehicle. According to the officer, he advised these individuals that they did not have to sit in the police vehicle and that they were free to leave if they so desired. The officer admitted that he requested they sit in the patrol car because he wanted to tape record their conversations. The officer’s search revealed no contraband, and the officer sent the three men on their way. When the officer listened to the tape recorded conversation, however, he heard one of the males tell the others that the contraband was in his shoe. The officer then radioed this information to the Okeechobee Sheriff’s Office and that department later apprehended the three males.
We agree with appellant’s contention that the trial court erred when it failed to suppress the tape recording. The officer asked appellant to sit in the patrol car for what appeared to be safety and comfort reasons; appellant was neither under arrest nor articulable suspicion at that time. He did not request or authorize the tape recording of his conversation. This court recently held that such secret and unauthorized tape recordings of an individual not under arrest or otherwise “detained” constitute an invasion of the right of privacy and a violation of section 934.03, Florida Statutes (1991). See Springle v. State, 613 So.2d 65 (Fla. 4th DCA 1993). As a result, the contents of the tape recording, and the evidence derived in the instant case as a result of that recording, are inadmissible under section 934.06, Florida Statutes (1991).
As to appellant’s challenge to the legality of the stop, we hold that appellant failed to preserve this issue for appellate review. Appellant cursorily referred to this issue in his motion to suppress, but abandoned this argument at the hearing on same. At the hearing, he argued only the violation to his *271 right to privacy. See Woolley v. State, 459 So.2d 1101 (Fla. 2d DCA 1984), pet. for rev. denied, 466 So.2d 218 (Fla.1985); McCarter v. State, 463 So.2d 546 (Fla. 5th DCA 1985); and Forrester v. State, 565 So.2d 391 (Fla. 1st DCA 1990).
Accordingly, we reverse the denial of appellant’s motion to suppress, his conviction and sentence, and remand for further proceedings consistent with this opinion.
POLEN and FARMER, JJ., and ROSS, DALE, Associate Judge, concur.