Mr. Steven A. Schultz Attorney for the Dade County Value Adjustment Board NationsBank Tower 100 Southeast 2nd Street Suite 2800 Miami, Florida 33131-2144
Dear Mr. Schultz:
On behalf of the Dade County Value Adjustment Board, you have asked for an opinion on the following question:
Are special masters appointed by the Dade County Value Adjustment Board to conduct hearings under section 194.035, Florida Statutes, authorized to administer oaths?
In sum:
A special master appointed by the Dade County Value Adjustment Board to act in place of the board for purposes of Part I, Chapter 194, Florida Statutes, possesses the authority to administer binding oaths as required by section 194.034(1)(a), Florida Statutes.
The Dade County Value Adjustment Board is a quasi-judicial governmental body created pursuant to section 194.015, Florida Statutes. Among other things, the board hears appeals initiated by taxpayers contesting the denial of tax exemptions and/or the valuation of their properties for tax purposes by the Dade County Property Appraiser. The board conducts hearings at which tax-payers and the Property Appraiser testify and present documentary evidence either in opposition to or in support of the tax assessment under appeal.
Due to the heavy volume of cases in Miami-Dade County, the Value Adjustment Board appoints special masters to conduct all of its hearings in accordance with section 194.035, Florida Statutes. These special masters are quasi-judicial officers who take testimony and make recommendations to the board. These recommendations are acted upon without further hearing by the board. During the course of the special master hearings, all parties are routinely placed under oath in accordance with section194.034(1)(a), Florida Statutes. In prior years the Dade County Value Adjustment Board employed certified court reporters to record all testimony and, in connection therewith, administer oaths to all the participants in the hearing. However, the board intends to discontinue the use of court reporters and will instead use audio/visual equipment to record the proceedings. As a result, the special masters will be required to administer oaths to those persons participating in the hearings. Under these circumstances you have asked whether the special masters are authorized to administer oaths by virtue of their appointment as special masters or whether other arrangements must be made to ensure that they can administer binding oaths, such as licensing the special masters as notaries public.
Section 194.034(1)(a), Florida Statutes, provides:
"The property appraiser, each petitioner, and all witnesses shall be required, upon the request of either party, to testify underoath as administered by the chairperson of the board. Hearings shall be conducted in the manner prescribed by rules of the department, which rules shall include the right of cross-examination of any witness." (e.s.)
This statutory language, as emphasized above, is the basis of your inquiry.
It is the general rule that, in order to be effective, an oath must be administered by some officer authorized by law to administer oaths.[1] Florida follows this general rule.[2] As the Florida Supreme Court stated in Crockett v. Cassels,[3] "[a]n attempted oath administered by one who is himself not qualified to administer it is abortive and in effect no oath." Florida courts have held that
"[t]he key to a valid oath is that perjury will lie for its falsity. Such an oath must be an unequivocal act in the presence of an officer authorized to administer oaths by which the declarant knowingly attests the truth of a statement and assumes the obligations of an oath. It is essential to the offense of perjury that the statement considered perjurious was given under an oath actually administered."[4]
Thus, in order to be a binding oath, the oath prescribed in section 194.034(1)(a), Florida Statutes, must be administered by an officer who is empowered pursuant to Part I, Chapter 194, Florida Statutes, to do so.
Value adjustment boards are authorized to appoint special masters by section 194.035(1), Florida Statutes, which states, in part, that "[t]he board is authorized to appoint special masters for the purpose of taking testimony and making recommendations to the board, which recommendations the board may act upon without further hearing."[5]
The only provision relating to administration of oaths in Part I, Chapter 194, Florida Statutes, is that in section 194.034(1)(a), Florida Statutes, authorizing the "chairperson of the board" to administer oaths. However, this statutory section also recognizes that "[h]earings shall be conducted in the manner prescribed by rules of the department[.]"[6]
Chapter 12D-10, Florida Administrative Code, provides the administrative rules promulgated by the Department of Revenue for value adjustment boards. Rule 12D-10.002, Florida Administrative Code, provides:
"Special masters appointed by the board act in place and stead ofthe board except to render final decision. [sic] The recommendation of a special master to the board shall be in writing and contain the findings of fact and conclusions of law upon which the recommendation is based and shall conform to the provisions of Rule 12D-10.003(5)(a) and (b). Proceedings before the special master shall meet all basic requirements of a proceeding before the board, and the special master's records and decisions shall be developed, preserved and maintained as described in Rule 12D-10.003(4)." (e.s.)
In light of this language recognizing the delegation to the special master of all the powers and authority of the members of the value adjustment board (except the power to render a final decision), it is my opinion that a special master possesses the power of the chairperson to administer oaths.[7]
Therefore, it is my opinion that a special master appointed by the Dade County Value Adjustment Board to act in place of the board for purposes of Part I, Chapter 194, Florida Statutes, possesses the authority to administer binding oaths as required by section194.034(1)(a), Florida Statutes.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] See, 67 C.J.S. Oaths Affirmations s. 4.
[2] See, Markey v. State, 37 So. 53 (Fla. 1904); Crockett v.Cassels, 116 So. 865 (Fla. 1928).
[3] 116 So. 865, 866 (Fla. 1928).
[4] Collins v. State, 465 So.2d 1266 (Fla. 2d DCA 1985), citingMarkey v. State, 37 So. 53 (Fla. 1904), and Youngker v. State,215 So.2d 318 (Fla. 4th DCA 1968).
[5] The remainder of this section provides:
"Such special masters may not be elected or appointed officials or employees of the county but shall be selected from a list of those qualified individuals who are willing to serve as special masters. The clerk of the board shall annually notify such individuals or their professional associations to make known to them that opportunities to serve as special masters exist. A special master shall be either a member of The Florida Bar and knowledgeable in the area of ad valorem taxation or a designated member of a professionally recognized real estate appraisers' organization and have not less than 5 years' experience in property valuation. A special master need not be a resident of the county in which he or she serves. No special master shall be permitted to represent a person before the board in any tax year during which he or she has served that board as a special master. The board shall appoint such masters from the list so compiled prior to convening of the board. The expense of hearings before special masters and any compensation of special masters shall be borne three-fifths by the board of county commissioners and two-fifths by the school board."
And see, Op. Att'y Gen. Fla. 96-91 (1996), concluding that a special master of a value adjustment board is an officer for purposes of Article II, section 5(a), Florida Constitution, and service in this position by a person who simultaneously is a civil traffic infraction hearing officer would violate the dual officeholding provision of the Constitution.
[6] Section 194.034(1)(a), Fla. Stat.
[7] And see, s. 837.02, Fla. Stat., prescribing penalties for perjury in official proceedings, s. 837.012, Fla. Stat., recognizing perjury in other types of proceedings, and s. 837.011, Fla. Stat., providing definitions for this chapter.