PER CURIAM.
Appellant contends on appeal that the trial court erred in denying his motion to suppress statements he made to police following an illegal arrest[1] on the basis that the reading of Miranda[2] warnings broke the chain of illegality. The law is clear that Miranda warnings alone are insufficient to break the causal chain between an illegal arrest and the confession for Fourth Amendment purposes. Brown v. Illinois, 422 U.S. 590, 603, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975); Ames v. State, 739 So.2d 699 (Fla. 1st DCA 1999). While Miranda warnings are significant, additional factors to be considered in determining whether a statement made subsequent to an illegal arrest is the product of free will include: (1) the proximity of time of the arrest and the confession; (2) the presence of intervening circumstances; and (3) the purpose and flagrancy of official misconduct. Brown, 422 U.S. at 603, 95 S.Ct. 2254. Such inquiry should be determined on the facts of each case and no single fact is dispositive. Id.
*999 Because the trial court failed to undertake the inquiry mandated by Brown in ruling on Appellant’s motion, appellant’s conviction and sentence are REVERSED and this case is REMANDED for a new trial including proceedings for a de novo determination of appellant’s motion to suppress.[3]
VAN NORTWICK and POLSTON, JJ., and SMITH, LARRY G., Senior Judge, concur.

. It is undisputed that the police lacked probable cause to arrest Appellant.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

. See Houck v. State, 421 So.2d 1113, 1116 (Fla. 1st DCA 1982); Irons v. State, 498 So.2d 958, 960 (Fla. 2d DCA 1986).