873 So.2d 624 (2004)
Shauntavius COOK, Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-1079.
District Court of Appeal of Florida, Second District.
June 2, 2004.
James Marion Moorman, Public Defender, and Anthony C. Musto, Assistant Public Defendant, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Danilo Cruz-Carino, Assistant Attorney General, Tampa, for Appellee.
LEVENS, WILLIAM P., Associate Judge.
Shauntavius Cook seeks review of the final judgment withholding adjudication and sentencing Cook for possession of cocaine and possession of marijuana. Cook filed a motion to suppress the cocaine and marijuana that formed the basis for the charges against him, asserting that the vehicle in which he was a passenger was unlawfully stopped for an alleged violation of a municipal noise ordinance and that the ensuing search of his person was illegal. The trial court denied the motion to suppress, and Cook entered a plea of guilty, reserving the right to appeal the denial of his dispositive motion. Because the State failed to call the only officer in whose presence the violation allegedly occurred, we reverse the order denying the motion to suppress and reverse Cook's judgment and sentence.
In reviewing a trial court's ruling on a motion to suppress, the trial court's findings of fact must be upheld if competent substantial evidence supports the findings, while the application of the law to the facts is reviewed de novo. Connor v. State, 803 So.2d 598 (Fla.2001), cert. denied, 535 U.S. 1103, 122 S.Ct. 2308, 152 L.Ed.2d 1063 (2002). "Once a defendant challenges his arrest and search without a warrant, the burden of proving its validity as a predicate for lawful admissions seized in evidence is upon the state." King v. State, *625 371 So.2d 120, 122 (Fla. 1st DCA 1978); see also Irons v. State, 498 So.2d 958, 959 (Fla. 2d DCA 1986) (applying this principle to search arising from allegedly illegal stop).
When conducting a stop based on a violation of a municipal ordinance, the alleged violation must have occurred in the presence of the officer. § 901.15(1), Fla. Stat. (2002). In this case, the stop was based on an alleged violation of section 11-152 of the Code of Ordinances of the City of Fort Myers, Florida, which makes it unlawful for persons in vehicles to operate radios or compact disc or tape players in such a manner as to be audible at a distance of twenty-five feet or more.
At the hearing on the motion to suppress, the State presented the testimony of two officers who arrived as backup after Officer Reynolds had already conducted the stop. When asked why Officer Reynolds conducted the stop, one officer testified that the vehicle in which Cook was traveling was pulled over for a "loud car stereo," and the other officer testified that the vehicle was pulled over "based on a city ordinance for loud car stereo." Defense counsel objected to this testimony on hearsay grounds, and the trial court admitted the testimony to show how the backup officers reacted to whatever happened, but not to prove the truth of the matter asserted. Officer Reynolds, the only officer in whose presence the violation allegedly occurred, did not testify, and no other evidence was presented regarding the basis for the stop.
The testimony presented by the State fails to provide evidence that Officer Reynolds observed a violation of the noise ordinance. The backup officers' testimony provides only conclusory statements that the vehicle was pulled over for a loud car stereo, and this testimony was admissible only to show how the backup officers reacted, not as evidence that the vehicle was observed operating with a loud car stereo prior to the stop. Accordingly, the State failed to meet its burden to show that the stop was lawful. We reverse the trial court's denial of Cook's motion to suppress and reverse Cook's judgment and sentence. We do not reach the other issues raised on appeal.
Reversed.
ALTENBERND, C.J., and SILBERMAN, J., Concur.