972 So.2d 294 (2008)
Timothy WILLIS, Appellant,
v.
Muriel ROMANO, Appellee.
No. 5D07-2735.
District Court of Appeal of Florida, Fifth District.
January 18, 2008.
Timothy Willis, Orlando, pro se.
No Appearance for Appellee.
LAWSON, J.
Timothy Willis appeals from a final judgment of injunction for protection against repeat violence entered in favor of Muriel G. Romano, alleging reversible error in the trial court's refusal to allow him to testify when Willis would not take an oath swearing or affirming that the evidence he was about to give would be the truth. Finding no error, we affirm.
"An unsworn witness is not competent to testify." Houck v. State, 421 So.2d *295 1113, 1115 (Fla. 1st DCA 1982) (citing Crockett v. Cassels, 95 Fla. 851, 116 So. 865 (1928) and § 90.605, Fla. Stat.). Section 90.605, Florida Statutes, requires that each witness take an oath before giving testimony. The statute reads:
Before testifying, each witness shall declare that he will testify truthfully, by taking an oath or affirmation in substantially the following form: "Do you swear or affirm that the evidence you are about to give will be the truth, the whole truth, and nothing but the truth?" The witness's answer shall be noted in the record.
§ 90.605(1), Fla. Stat. (2007). The only exception is that a court may, in its discretion, allow a child to testify without taking the oath, if the court determines that "the child understands the duty to tell the truth or the duty not to lie." § 90.605(2), Fla. Stat. (2007).
Here, the trial court started the hearing by having his trial clerk administer an oath in substantially the form set forth in section 90.605 to both Willis and petitioner Romano. Romano took the oath. Willis, however, said: "Nope. I believe in the Bible. The Bible says don't swear by things on heaven and earth." The court clarified that the clerk had said "swear or affirm," at which point Romano, who had already said "yes," responded again, "I affirm." Willis, however, still would not take the oath, simply telling the judge that he would tell the truth (without taking the oath). The judge then explained that: "Unless you take the oath, you're not going to be giving testimony." Willis responded, "I understand," but still did not take the oath. The hearing proceeded with only petitioner Romano's testimony, and the petition was granted.
On appeal, Willis attaches affidavits and other documents which raise substantial doubt about Romano's testimony. However, we cannot consider these exhibits. See, e.g., Brand v. Florida Power Corp., 633 So.2d 504, 514 (Fla. 1st DCA 1994) ("It is obvious that matters not presented in evidence during trial cannot be considered for the first time on appeal."); Thornber v. City of Fort Walton Beach, 534 So.2d 754, 755 (Fla. 1st DCA 1988) ("It is axiomatic that appellate review is confined to the record on appeal. . . . An appellate court will not consider evidence that was not presented to the lower tribunal because the function of an appellate court is to determine whether the lower tribunal committed error based on the issues and evidence before it."). With respect to the issue raised, the trial judge correctly followed the law by refusing to allow Willis to testify without taking an oath. Houck, 421 So.2d at 1115; § 90.605, Fla. Stat. (2007).
AFFIRMED.
THOMPSON and TORPY, JJ., concur.