565 So.2d 391 (1990)
Kenneth A. FORRESTER, Appellant,
v.
STATE of Florida, Appellee.
No. 88-688.
District Court of Appeal of Florida, First District.
August 9, 1990.
*392 Barbara M. Linthicum, Public Defender, and David A. Davis, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Virlindia A. Sample, Asst. Atty. Gen., for appellee.
ERVIN, Judge.
Appellant, Kenneth A. Forrester, was charged with possession of marijuana and possession of cocaine. Forrester pled nolo contendere to both charges, reserving his right to appeal the trial court's ruling denying his motion to suppress, and the trial court withheld adjudication of guilt and placed him on probation. Forrester appeals his sentence on the sole ground that the canine sniff of his car violated his right to privacy as guaranteed by article I, section 23, of the Florida Constitution.[1] Because Forrester failed to preserve this issue in the court below, we affirm.
In response to a call from a confidential informant, Deputy Herman Davis was called in with his K-9 dog to determine *393 whether there were drugs in certain automobiles, including Forrester's, located in the parking lot of an Okaloosa County restaurant. The dog alerted at two cars in the parking lot, one of which was Forrester's. Davis testified that another officer then summoned Forrester from inside the restaurant, where Forrester worked, and Davis told him the canine alert had given the officer probable cause to believe there were narcotics in the vehicle. A search of the car produced a tape case containing a baggie of cannabis, a small brown vial with cocaine residue, and assorted paraphernalia such as a straw, razor blade, and rolling papers.
Forrester now claims that the use of the sniff dog violated his constitutional right to privacy.[2] In his motion to suppress, however, Forrester advanced no argument on the privacy issue, but rather claimed only that the dog sniff violated his rights guaranteed by the fourth, fifth, and fourteenth amendments of the United States Constitution and "the parallel provisions contained in the Florida Constitution." Because Forrester failed to present the trial court with the specific legal argument either by motion or objection, he did not preserve the privacy issue for appeal. Tillman v. State, 471 So.2d 32, 35 (Fla. 1985); Register v. State, 514 So.2d 1122, 1124 (Fla. 1st DCA 1987). See, e.g., State v. Adams, 378 So.2d 72 (Fla. 3d DCA 1979) (state may not argue on appeal that police saw marijuana in plain view when defendants opened the door, because state had claimed at the suppression hearing that police had observed the marijuana in plain view when they were standing on a chair looking through a window); McCarter v. State, 463 So.2d 546 (Fla. 5th DCA) (defendant waived argument that police lacked justification to search his car and briefcase, when he had argued below that police lacked probable cause for arrest), review denied, 472 So.2d 1181 (Fla. 1985). Moreover, Forrester does not contend, nor do we consider, that a privacy violation as alleged in this case constitutes fundamental error.
A comparison of the burdens of proof at the trial level that result from Forrester's different claims demonstrates the reason why it would be improper for this court to consider Forrester's privacy argument on appeal when the trial judge did not. In the search-and-seizure context, once a defendant has established that he or she had a reasonable expectation of privacy under the circumstances, and that a warrantless search and seizure occurred, the burden shifts to the state to demonstrate that the search was reasonable  that the state was not required to obtain a warrant under the circumstances. Norman v. State, 379 So.2d 643, 646 (Fla. 1980). Accord Sarga v. State, 322 So.2d 592, 593 (Fla. 1st DCA 1975); Walker v. State, 433 So.2d 644, 645 (Fla. 2d DCA 1983). The trial judge articulated at the start of the suppression hearing below that this was the state's burden.
In comparison, when a defendant raises a privacy challenge, the defendant must first show that the government has intruded into an area encompassed within the "zone of privacy" protected by section 23. Only then does the burden shift to the state to demonstrate that the challenged intrusion "serves a compelling state interest and accomplishes its goal through the use of the least intrusive means." Winfield v. Division of Pari-Mutuel Wagering, Dep't. of Business Reg., 477 So.2d 544, 547 (Fla. 1985). The state's burden in the search-and-seizure context is far less stringent than that under article 1, section 23. Shaktman v. State, 529 So.2d 711, 717 n. 8 (Fla. 3d DCA 1988), approved, 553 So.2d 148 (Fla. 1989).
In the case at bar, the trial court only ruled that the state had met its burden, under the fourth amendment of the United States Constitution and article 1, section 12 of the Florida Constitution, of justifying the warrantless seizure of contraband from Forrester's vehicle. There was no mention whatsoever of section 23 at the suppression *394 hearing. Therefore, the court was not called upon to consider whether Forrester had a legitimate expectation of privacy in the section 23 context, nor whether the police actions served a compelling state interest via the least intrusive means. Having thus failed to properly preserve the issue, Forrester may not raise this argument for the first time on appeal.
AFFIRMED.
SMITH and NIMMONS, JJ., concur.
NOTES
[1] A brief history of this case is in order. Forrester's appellate counsel filed what was, in the opinion of this court, a brief that did not comply with the requirements of Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). We directed appellant to file a supplemental brief on the issue of whether, in view of the totality of the circumstances, the police had probable cause to conduct a warrantless search of Forrester's automobile. Forrester v. State, 542 So.2d 1358, 1362 (Fla. 1st DCA 1989). Appellant sought review in the supreme court, which approved our decision in part and quashed it in part. In re Order of the First Dist. Ct. of App. Regarding Brief Filed in Forrester v. State, 556 So.2d 1114 (Fla. 1990). That decision left intact the portion of this court's opinion directing the public defender to file another brief. Following issuance of the supreme court's mandate, appellate counsel petitioned this court, and was permitted, to withdraw his Anders brief and to file a brief on the merits. In this opinion we address only the privacy challenge appellant raised in the latter brief.
[2] Article I, section 23, of the Florida Constitution provides in part: "Every natural person has the right to be let alone and free from governmental intrusion into his private life except as otherwise provided herein."