877 So.2d 912 (2004)
Willie PHILLIPS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D02-1750.
District Court of Appeal of Florida, Fourth District.
July 21, 2004.
Carey Haughwout, Public Defender, and Ellen Griffin, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Heidi L. Bettendorf, Assistant Attorney General, West Palm Beach, for appellee.
POLEN, J.
This appeal arises from a final order finding Willie Phillips guilty of attempted first degree murder and attempted robbery with a firearm. He was sentenced as a prison releasee reoffender to a mandatory minimum life sentence on count one and to thirty years on count two as a habitual *913 violent felony offender. We affirm the order of the trial court in all regards.
On September 18, 2001, three males with guns entered a grocery store, in an attempt to commit a robbery. After a brief struggle, the clerk was shot in the face and the men left the store with nothing. An eyewitness identified one of the three men, who then named Phillips as a participant in the crime. Phillips later gave a taped confession. On October 25, 2001, Phillips was charged by information with one count of attempted first degree murder and one count of attempted robbery with a firearm.
At a pretrial hearing on Phillips' motion to suppress, Phillips argued that the confession was coerced and not given freely and voluntarily. The trial court disagreed, and denied the motion. The transcript of Phillips' statement was published to the jury and the tape of the statement was played for the jury during trial. When the State subsequently sought admission of Phillips' taped statement, Phillips objected by stating "[n]ote my objection." On the taped post-arrest statements, Phillips stated that he was not promised anything in return for his statement, he was confessing on his own free will because he did not mean for it to happen the way it did. Phillips also described the incident and his involvement with specificity.
Phillips moved for judgment of acquittal, which the trial court denied. The jury found Phillips guilty as charged and after Phillips was sentenced, he filed two motions to correct his sentence, both of which were denied.
On appeal, Phillips contends that the trial court erred in denying his motion to suppress since he was not adequately advised of his Miranda rights prior to giving a statement. See Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). More specifically, Phillips contends he was not adequately warned that he had the right to have an attorney present during questioning or that he had the right to discontinue the questioning at any time.
We deny appellant's claim because this issue was not properly preserved for appellate review. Phillips merely filed a general motion to suppress in the trial court on the ground that he was "illegally interrogated by officers of the Broward Sheriff's Office in violation of [his] rights guaranteed by the Florida Constitution and the United States Constitution." The only specificity as to the grounds for the motion can be found in defense counsel's opening statement:
You're going to hear that Mr. Phillips gave this confession after intimidation and coercion. He gave it after the police told him that other people have implicated him and he better fess up.
The evidence will show that the confession was not made voluntarily. It was coerced. It was made out of fear. It was made out of ignorance. And it was made as a result of intimidation.
Phillips' own self-serving trial testimony and defense counsel's closing argument were along the same line: that Phillips' statement was coerced by police intimidation.
In order to be preserved for further review by a higher court, an issue must be presented to the lower court and the specific legal argument or ground to be argued on appeal or review must be part of that presentation. Lacey v. State, 831 So.2d 1267, 1268 (Fla. 4th DCA 2002) (citing Tillman v. State, 471 So.2d 32, 35 (Fla.1985)). Therefore, Phillips' claim was not preserved because he failed to lodge a specific, contemporaneous objection on the same ground now raised on appeal.
*914 Further, we do not find fundamental error. "The doctrine of fundamental error should be applied only in rare cases where a jurisdictional error appears or where the interests of justice present a compelling demand for its application." Smith v. State, 521 So.2d 106, 108 (Fla.1988). Fundamental error reaches down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error. Cochran v. State, 711 So.2d 1159 (Fla. 4th DCA 1998) (quoting Kilgore v. State, 688 So.2d 895, 898 (Fla.1996)). We do not find the error alleged here to meet this stringent standard.
As a result, Phillips' argument was not preserved for appellate review and the panel cannot properly reach the merits of his argument. We find Phillips' remaining argument also to be without merit. Accordingly, we affirm the order of the trial court.
This affirmance is without prejudice to Phillips' filing any future 3.850 motion, should he so choose.
AFFIRMED.
GUNTHER and GROSS, JJ., concur.