PER CURIAM.
Oscar Castaño was tried by a jury and found guilty of conspiracy to traffic in cocaine and possession with intent to sell. We affirm the conviction and sentence, but write to address Castano’s claim that the trial court erred in admitting statements he made to the police.
Castaño contends on appeal that the trial court erred in denying his motion to suppress because the Miranda[1] warnings he received were inadequate to fully inform him of his constitutional right to have an attorney present during questioning. The defendant concedes such ground was not advanced in support of his motion to suppress during the proceedings below; nonetheless, he urges this court to consider the issue on appeal, arguing the failure to adequately inform a defendant of his rights under Miranda is fundamental error. “[I]n order to be of such fundamental nature as to justify a reversal in the absence of timely objection the error must reach down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error.” Brown v. State, 124 So.2d 481, 484 (Fla.1960).
In Phillips v. State, 877 So.2d 912 (Fla. 4th DCA 2004), review denied, 898 So.2d 81 (Fla.2005), we held the fundamental error doctrine does not apply to situations where the defendant asserts for the first time on appeal that the trial court erred by not suppressing statements made after the defendant received inadequate Miranda warnings. Consequently, Castaño is not entitled to relief. See Archer v. State, 613 So.2d 446, 448 (Fla.1993) (stating “[f]or an issue to be preserved for appeal, ... it ‘must be presented to the lower court and the specific legal argument or ground to be argued on appeal must be part of that presentation if it is to be considered preserved’”) (quoting Tillman v. State, 471 So.2d 32, 35 (Fla.1985)).
Accordingly, we affirm the judgment and sentence without prejudice to the defendant’s right to seek appropriate post-conviction relief.
STEVENSON, C.J., WARNER and HAZOURI, JJ., concur.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).