924 So.2d 881 (2006)
Lukens MARTELUS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D05-2414.
District Court of Appeal of Florida, Fourth District.
March 1, 2006.
Rehearing Denied April 20, 2006.
Lukens Martelus, Indiantown, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Georgina Jimenez-Orosa, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Lukens Martelus appeals the summary denial of his motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850, in which he alleged ineffective assistance of his trial counsel for failure to move for suppression of his *882 confession statement made to police after he was given defective Miranda[1] warnings.
Martelus was convicted of armed robbery with a deadly weapon and sentenced to 35 years in prison in 2001. In this timely motion for post-conviction relief, he argued that his confession followed a Miranda warning which failed to advise him of the right to counsel during questioning, and that trial counsel rendered a deficient performance in failing to move to suppress his statement on that ground. He cited Roberts v. State, 874 So.2d 1225, 1228-29 (Fla. 4th DCA 2004), rev. denied sub. nom., State v. West, 892 So.2d 1014 (Fla. 2005) (holding that suspects must be informed of their right to have an attorney present before and during questioning). This decision did not change the law, but rather it applied the very pronouncements of Miranda itself.
To prevail on a claim of ineffective assistance of trial counsel, a defendant must show that counsel's performance was deficient and prejudicial. Deficient performance is that which falls below an objective standard of reasonableness considering the circumstances, and the test for prejudice calls for a determination of whether there is a reasonable probability that, but for counsel's deficiency, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
While the victim of the robbery did identify the defendant as one of the two robbers, the record attachments to the State's response filed in the trial court, showed that he had also previously made a photo lineup identification of defendant based on: black and white photos of African American males not wearing caps, that the robbers both wore caps, that the victim admitted to being normally tired after working 11 to 12 hours as he had before this robbery occurred, and that the detective performing the photo lineup made some sort of recording error on the victim's identification procedure. We find on this record that defendant has pleaded a reasonable probability that but for the erroneous admission of appellant's confession to the robbery, the result of the proceedings would have been different. We therefore reverse and remand to the trial court for record attachments refuting this claim if available, or an evidentiary hearing.
WARNER, FARMER and KLEIN, JJ., concur.
NOTES
[1] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).