927 So.2d 1084 (2006)
Derek ANTHONY, Appellant,
v.
STATE of Florida, Appellee.
No. 4D05-4875.
District Court of Appeal of Florida, Fourth District.
May 17, 2006.
*1085 Derek Anthony, Blountstown, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and David M. Schultz, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Derek Anthony (Defendant) appeals the order summarily denying his rule 3.850 motion for postconviction relief and the order denying his motion for rehearing. We affirm as to the first two grounds but reverse as to the third ground for relief.
In his third ground, Defendant alleged his trial counsel was ineffective in failing to raise, as a basis for moving to suppress his statement to law enforcement, that the Miranda[1] rights warning he received did not advise him of the right to have an attorney present during interrogation. He cited a line of cases beginning with Roberts v. State, 874 So.2d 1225, 1229 (Fla. 4th DCA 2004) (reversing conviction; holding Miranda warnings inadequate where they failed to advise the defendant of the right to have an attorney present during questioning), rev. denied sub nom. State v. West, 892 So.2d 1014 (Fla.2005). He argued that his own statements were the focal point of the trial, and that the error in admitting them was not harmless beyond a reasonable doubt because the bulk of the evidence against him was his own confession and its corroborating effect. It appears that without Defendant's statement, the only evidence against him would have been the child victim's hearsay statements. Thus, there may be a reasonable probability that the result of the trial would have been different had Defendant's statement been suppressed.
The trial court denied relief on this ground, based on the state's argument that (1) Roberts did not apply retroactively to cases that were final before it was issued, and (2) the issue could have been raised on direct appeal because defense counsel did file a motion to suppress Defendant's statement. However, the issue could not have been raised on direct appeal; the motion to suppress, a copy of which the state attached, was based on other grounds and did not preserve for appeal the specific ground in question. Moreover, Defendant was not seeking retroactive application of Roberts. Before Roberts, Florida courts consistently interpreted Miranda *1086 to require that a person in custody be notified of the right to have counsel present during interrogation. See, e.g., Ramirez v. State, 739 So.2d 568 (Fla.1999) (summarizing that Miranda requires a defendant to be informed of his right to an attorney during questioning).
As we have held before in similar cases, this claim is legally sufficient. Accordingly, we reverse and remand either for the attachment of portions of the record conclusively refuting this claim or for an evidentiary hearing. See Martelus v. State, 924 So.2d 881 (Fla. 4th DCA 2006); Coney v. State, 31 Fla. L. Weekly D591, ___ So.2d ___, 2006 WL 398431 (Fla. 4th DCA Feb. 22, 2006); Stancle v. State, 917 So.2d 911 (Fla. 4th DCA 2005).
Affirmed in part; Reversed in part and Remanded.
GROSS and TAYLOR, JJ., concur.
POLEN, J., concurs specially with opinion.
POLEN, J., concurring specially.
I agree with the majority that appellant stated a facially sufficient claim that trial counsel was ineffective for failure to raise the sufficiency of the Miranda warnings in his motion to suppress. I write separately to note that, if appellant's claim cannot be refuted by record attachments, such that an evidentiary hearing is necessary, one of the considerations as to the deficiency prong of Strickland relates to the fact that appellant's case arose two years before Roberts was decided. The trial court may need to determine whether defense lawyers in Broward County were generally raising a deficient Miranda warning argument, or were cognizant of such an argument, two years before Roberts was decided, so that failure to do so might constitute ineffective assistance of counsel.
NOTES
[1] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).