PER CURIAM.
The defendant appeals an order summarily denying his rule 3.850 motion for postconviction relief. We reverse and remand for further proceedings.
The defendant alleged that trial counsel was ineffective in failing to raise, as a basis for suppression of his statement, that the Miranda[1] rights warning he received failed to advise him of the right to have an attorney present during interrogation. Roberts v. State, 874 So.2d 1225, 1229 (Fla. 4th DCA 2004), rev. denied sub nom. State v. West, 892 So.2d 1014 (Fla.2005). This claim is legally sufficient. Martelus v. State, 924 So.2d 881 (Fla. 4th DCA 2006); Anthony v. State, 927 So.2d 1084 (Fla. 4th DCA 2006).
We have considered the language from the opinion in Phillips’ direct appeal where we stated that the error did not meet the *1177 stringent standard of fundamental error. Phillips v. State, 877 So.2d 912, 914 (Fla. 4th DCA 2004), rev. denied, 898 So.2d 81 (Fla.2005). In so finding, we stated that the argument was not preserved for appellate review and the “panel cannot properly reach the merits of his argument.” 877 So.2d at 914. Consequently, the case was affirmed without prejudice to Phillips’ filing a rule 8.850 motion.
Having filed such a motion, the merits of the defendant’s claim must be considered. Accordingly, we reverse and remand either for the attachment of portions of the record conclusively refuting the claim or for an evidentiary hearing. Martelus, 924 So.2d at 881.
GUNTHER, TAYLOR and MAY, JJ., concur.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).