952 So.2d 1262 (2007)
Jesus REYES, Appellant,
v.
STATE of Florida, Appellee.
No. 2D05-4890.
District Court of Appeal of Florida, Second District.
April 11, 2007.
James Marion Moorman, Public Defender, and Cynthia J. Dodge, Assistant Public Defender, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Ha Thu Dao, Assistant Attorney General, Tampa, for Appellee.
CANADY, Judge.
Jesus Reyes appeals his convictions for trafficking in methamphetamine and maintaining a structure for using, keeping, or selling controlled substances. On appeal, *1263 Reyes claims that the State failed to show that the arresting officer had probable cause to search his car based on the information the officer received from a confidential informant. We conclude that this issue was not preserved for appeal. Reyes also claims that the trial court erred in prohibiting him from establishing the informant's identity during trial. We affirm on this point without discussion.

Background
Reyes filed a motion to suppress drugs taken from his person, vehicle, and residence and any statements made to law enforcement. Reyes argued for suppression of the statements based on various grounds. As grounds for suppression of the drug evidence, Reyes generally alleged that "[t]he evidence was illegally seized without a warrant, in violation of fourth and fourteenth amendments to the United States Constitution and the Constitution of the State of Florida." He also alleged that "[t]he evidence was obtained only as a result of an illegal search without a warrant," that the evidence was tainted as "having been obtained only as a result of illegal law enforcement activity," that "[t]he evidence was obtained in violation of the defendant's right to privacy," and that "[t]he evidence was obtained as a result of an illegal investigatory detention of the defendant and his girlfriend and her family."
In the section of the motion in which he described the factual basis for the motion, Reyes stated that "[o]n August 4, 2004[,] law enforcement officers stopped the defendant on a pretext `[C]arrol[l] stop'[1] reason and searched the defendant's vehicle." The remainder of the facts in the motion described the events that occurred after the drugs were found in Reyes's car.
At the hearing on the motion to suppress, defense counsel informed the court that the defense was "attempting to suppress both the small amount of drugs that was found ostensibly on a Carroll stop of a vehicle in which my client was a passenger, as well as the subsequent warrantless search of his residence without a warrant after his arrest at another location." Defense counsel argued that the defense's argument, "in a nutshell," was "[t]hat this consent that is alleged by the State was not freely and voluntarily given but was the product of coercion, duress and threats on [the] part of law enforcement toward my immigrant client and his Spanish-speaking relatives."
The following discussion then occurred:
[THE STATE]: As I read this motion, nowhere in here does it say it was an illegal stop of the vehicle. The statementsas I read the motion it was to suppress any statements or admissions and the search of the house. I've seen the actual basis he [termed] it as a pretext Carroll stop.
THE COURT: Well, it says any narcotics seized from the defendant's person, automobile, or dwelling.
[THE STATE]: Right. But again, there's no grounds for a suppression that it was an illegal stop. The only thing it ever talks about is the detention. And as I read it, when I read the facts, was the detention pertaining [to] the search of the house. The State can still present the testimony of the stop. I just don't have case law concerning the stop itself.
THE COURT: Okay. Shouldn't be a problem.
[DEFENSE COUNSEL]: It does say a pretext to the stop, Judge.

*1264 THE COURT: I saw it. Okay. Call your first witness if you would.
The State then called Detective Floyd to the stand. Detective Floyd testified regarding his contact with the informant and the arranged drug buy which led to Reyes's arrest. Detective Floyd testified that on August 4, 2004, he made contact with an informant, who arranged a drug buy with a Mexican male named "Jesus." The informant arranged for "Jesus" to deliver methamphetamine to a particular address in Wahneta. When "Jesus" arrived at the address at the agreed-upon time, Detective Floyd made contact with "Jesus," whose actual identity was Jesus Reyes. Detective Floyd detained Reyes and searched his vehicle, finding methamphetamine in the vehicle. Detective Floyd testified that Deputy Jose Aponte arrived at the scene and advised Reyes of his Miranda rights in Spanish. Deputy Aponte advised Detective Floyd that Reyes admitted to Aponte that Reyes knew about the drugs and that Reyes stated he was trying to support his sick child in Mexico.
Deputy Aponte also testified at the hearing. According to both officers, a young woman, who was Reyes's girlfriend's daughter, was in the car with Reyes when he was arrested and the officers questioned the woman. The officers took Reyes and the woman to Reyes's residence, in which he lived with his girlfriend, where the officers received permission from his girlfriend to search the house. At the house, the officers found more methamphetamine.
The young woman, Reyes's girlfriend, and Reyes also testified at the suppression hearing. At the close of the hearing, defense counsel did not make any legal argument.
The trial court denied Reyes's motion to suppress by written order, "find[ing] the stop and subsequent search of [Reyes's] vehicle was lawful." The trial court also found that Reyes's statements to the deputies as well as his girlfriend's consent to enter and search the house were freely and voluntarily given.
Reyes proceeded to trial and was convicted as charged of both offenses and sentenced to ten years in prison with a seven-year minimum mandatory term on the trafficking count and to time served on the maintaining a structure count.

Argument on Appeal
On appeal, Reyes claims that the trial court erred in denying his motion to suppress because the State failed to show that Detective Floyd had probable cause to search the car. Specifically, Reyes argues that there was no evidence that the informant used by Detective Floyd had been reliable in the past and that the details observed by Detective Floyd were insufficient to establish the reliability of the information given to him by the informant.

Analysis
Section 924.051(3), Florida Statutes (2004), provides:
An appeal may not be taken from a judgment or order of a trial court unless a prejudicial error is alleged and is properly preserved or, if not properly preserved, would constitute fundamental error. A judgment or sentence may be reversed on appeal only when an appellate court determines after a review of the complete record that prejudicial error occurred and was properly preserved in the trial court or, if not properly preserved, would constitute fundamental error.
Section 924.051(1)(b) provides:
"Preserved" means that an issue, legal argument, or objection to evidence was timely raised before, and ruled on by, *1265 the trial court, and that the issue, legal argument, or objection to evidence was sufficiently precise that it fairly apprised the trial court of the relief sought and the grounds therefor.
The Florida Supreme Court has held that
proper preservation entails three components. First, a litigant must make a timely, contemporaneous objection. Second, the party must state a legal ground for that objection. Third, "[i]n order for an argument to be cognizable on appeal, it must be the specific contention asserted as legal ground for the objection, exception, or motion below."
Harrell v. State, 894 So.2d 935, 940 (Fla. 2005) (alteration in original) (quoting Steinhorst v. State, 412 So.2d 332, 338 (Fla. 1982)). "It is well settled that the specific legal ground upon which a claim is based must be raised at trial and a claim different than that raised below will not be heard on appeal." Rodriguez v. State, 609 So.2d 493, 499 (Fla.1992).
Here, the specific issue argued by Reyes on appeal was not raised before the trial court and therefore was not preserved for appellate review. Reyes did not argue in his motion to suppress or at the hearing on his motion that the information provided to Detective Floyd by the informant was insufficient to establish probable cause for the search of Reyes's car. Reyes only asserted general grounds in support of his argument for suppression of the drug evidence, and none of the grounds made reference to the informant or the information provided by the informant. Reyes's citation to Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925), which established the general automobile exception to the warrant requirement and did not involve the reliability of a confidential informant, was insufficient to preserve the issue he now raises on appeal. See § 924.051(3); Perez v. State, 919 So.2d 347, 359 (Fla.2005) (holding that appellant's specific claims in support of his argument on appeal that the trial court erred in denying his motion to suppress were not preserved because they were "never presented to the trial court in [appellant]'s motion or in the corresponding hearing"); Morrison v. State, 818 So.2d 432, 446 (Fla.2002) (holding that because appellant "did not argue the point he now raises below [in support of his motion to suppress], he is foreclosed from raising that argument" on appeal); Cady v. State, 817 So.2d 948, 949 (Fla. 2d DCA 2002) (holding that specific argument that "there was no probable cause for the stop of the vehicle because there is no statutory authority for a stop based on a lane change in an intersection" was not preserved for review because it "was not made before the trial judge"; rather, appellant "argued [below] that the stop was pretextual because the officers were looking for a reason to stop the driver"); Phillips v. State, 877 So.2d 912, 913 (Fla. 4th DCA 2004) (holding that appellant's claim "that the trial court erred in denying his motion to suppress since he was not adequately advised of his Miranda rights prior to giving a statement" was not preserved for appeal because it was not the "specific, contemporaneous objection" he made below); Forrester v. State, 565 So.2d 391, 393 (Fla. 1st DCA 1990) (holding that appellant's argument "that the use of the sniff dog violated his constitutional right to privacy" was not preserved for appeal because it was not part of his general argument made in his motion to suppress that the sniff dog violated his constitutional rights).

Conclusion
Because the error raised on appeal was not preserved, it cannot provide a basis for *1266 reversal. Reyes's convictions are affirmed.
Affirmed.
DAVIS and LaROSE, JJ., Concur.
NOTES
[1] Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925).