CANADY, Judge.
I.R.C. appeals his adjudication for possession of cannabis, which was entered after I.R.C. pleaded no contest reserving the right to appeal the denial of a disposi-tive motion to suppress. The cannabis which I.R.C. sought to suppress was discovered after I.R.C. was removed from his classroom at a public high school by a deputy sheriff and his bag was searched by the deputy. The sole argument presented by I.R.C. on appeal is that the trial court should have granted the motion to suppress because I.R.C.’s “consent to the search” which revealed the cannabis “was not voluntary” but “was mere acquiescence to police authority.” We reject this argument and affirm the adjudication of delinquency.
As the factual predicate for his argument, I.R.C. relies on his testimony that *586 when the officer requested consent to search his bag, I.R.C. felt that he had no choice but to consent and believed that if he had declined to consent he “would have been pinned to the ground and [his] bag would have been searched anyways.” I.R.C. also relies on the circumstance that the deputy did not inform him that he was free to withhold his consent to the search.
The deputy testified that because he “felt it important to explain to [I.R.C.] why [he was] removed ... from his classroom,” he explained to I.R.C. that the deputy had “received information that [I.R.C.] was in possession of cannabis.” The deputy further testified that when he “asked [I.R.C.] for consent to search his bag and his person for illegal drugs,” I.R.C. “handed [the deputy] his bag and consented to the search.” According to the deputy’s testimony, I.R.C. “said go ahead” and “put his arms out as if to search his person.”
In the review of a trial court’s ruling on a motion to suppress, we are governed by the standard that “mixed questions of law and fact that ultimately determine constitutional rights should be reviewed ... using a two-step approach, deferring to the trial court on questions of historical fact but conducting a de novo review of the constitutional issue.” Connor v. State, 803 So.2d 598, 605 (Fla. 2001).
“[A] search pursuant to consent” if “properly conducted, is a constitutionally permissible and wholly legitimate aspect of effective police activity. But the Fourth and Fourteenth Amendments require that a consent not be coerced, by explicit or implicit means, by implied threat or covert force.” Schneckloth v. Bustamonte, 412 U.S. 218, 228, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973). “[I]t is only by analyzing all the circumstances of an individual consent that it can be ascertained whether in fact it was voluntary or coerced.” Id. at 233, 93 S.Ct. 2041. “In examining all the surrounding circumstances to determine if in fact the consent to search was coerced, account must be taken of subtly coercive police questions, as well as the possibly vulnerable subjective state of the person who consents.” Id. at 229, 93 S.Ct. 2041.
Accordingly, “[w]hen a prosecutor seeks to rely upon consent to justify the lawfulness of a search, he has the burden of proving that the consent was, in fact, freely and voluntarily given. This burden cannot be discharged by showing no more than acquiescence to a claim of lawful authority.” Bumper v. North Carolina, 391 U.S. 543, 548-49, 88 S.Ct. 1788, 20 L.Ed.2d 797 (1968) (footnote omitted). “When a law enforcement officer claims authority to search ..., he announces in effect that the [suspect] has no right to resist the search.” Id. at 550, 88 S.Ct. 1788. Such a “situation is instinct with coercion,” and “[w]here there is coercion there cannot be consent.” Id. Just as coercion generally may be exercised “by explicit or implicit means,” Schneckloth, 412 U.S. at 228, 93 S.Ct. 2041, a claim of authority to search may be express or implied.
The circumstance that consent is given by an individual who is under arrest or otherwise detained does not establish that the consent was involuntary. “[T]he fact of custody alone has never been enough in itself to demonstrate a coerced ... consent to search.” United States v. Watson, 423 U.S. 411, 424, 96 S.Ct. 820, 46 L.Ed.2d 598 (1976). Nor does “the absence of proof’ that the person giving consent while in custody “knew he could withhold his consent” compel the conclusion that the consent was invalid. Id. Although the absence of such proof “may be a factor in the overall judgment,” *587 it “is not to be given controlling significance.” Id. “[K]nowledge of a right to refuse is not a prerequisite of a voluntary consent.” Schneckloth, 412 U.S. at 234, 93 S.Ct. 2041.
While knowledge of the right to refuse is a relevant factor in the analysis of voluntariness, there is no “presumption of invalidity [which] attaches if a citizen consented without explicit notification that he or she was free to refuse to cooperate. Instead, ... the totality of circumstances must control, without giving extra weight to the absence of this type of warning.” United States v. Drayton, 536 U.S. 194, 207, 122 S.Ct. 2105, 153 L.Ed.2d 242 (2002).
Here, the record does not support I.R.C.’s assertion that his consent was a “mere acquiescence to police authority.” Contrary to I.R.C.’s suggestion, the failure to warn of the right to withhold consent “is not a poison pill.” United States v. Laine, 270 F.3d 71, 75 (1st Cir.2001). No strength is added to I.R.C.’s argument by his testimony that he felt he had no choice but to consent. Although the “vulnerable subjective state of the person who consents,” Schneckloth, 412 U.S. at 229, 93 S.Ct. 2041, is undoubtedly relevant to the determination of voluntariness, I.R.C. has pointed to no factors—such as his age, education, intelligence, or mental condition—that evidence such a vulnerable state. Nor has I.R.C. pointed to any coercive circumstance or to any conduct by the deputy—such as a show of force, other threatening conduct, a prolonged detention, verbal threats, inveigling, or importuning—that provides an objective grounding for I.R.C.’s professed inability to decline the deputy’s request to search.
Other than the absence of notice of the right to refuse consent, all we have is I.R.C.’s testimony—which the trial court was entitled to discredit—concerning what he “felt.” If such testimony could—as I.R.C. contends—compel a determination that a consent to search was involuntary, it would be very rare indeed for a consent to be upheld. Such self-serving testimony by a defendant concerning his state of mind does not compel a determination of involuntariness. See State v. Kuntzwiler, 585 So.2d 1096, 1096 (Fla. 4th DCA 1991) (upholding trial court’s determination that consent was voluntary notwithstanding defendant’s testimony that “she believed she had no choice but to allow the search”). In short, I.R.C. points to nothing that the trial court was required to credit as establishing that I.R.C. submitted to an implicit or explicit claim of authority.
I.R.C.’s argument thus provides no basis for concluding that the State failed to meet its burden of showing that I.R.C.’s consent was voluntary, a burden which is met by a preponderance of the evidence unless there is illegal conduct by the police. See Reynolds v. State, 592 So.2d 1082, 1086 (Fla.1992). The record shows a simple request to search followed by a clearly expressed consent to search. There is no hint of coercion. Based on the totality of relevant circumstances, we conclude that the trial court did not err in denying the motion to suppress.
The dissent contends that “[b]ecause I.R.C. was seized without a showing of justification, any consent to search that followed was tainted.” There is no doubt that when a consent to search is obtained during an unlawful detention, the taint of the unlawful detention may—if the taint is not removed—result in a determination that the consent was involuntary. See Faulkner v. State, 834 So.2d 400, 403 (Fla. 2d DCA 2003). There is also no doubt that the lawfulness of I.R.C.’s detention is not at issue in this case. At no point in this appeal or in the proceedings *588 before the trial court has I.R.C. argued that his detention was unlawful. In considering I.R.C.’s appeal, we are limited to the specific issues that I.R.C. has raised. “[W]e are precluded from reviewing the issue” of the lawfulness of the detention “because it was not raised on appeal.” Grimsley v. State, 939 So.2d 123, 125 (Fla. 2d DCA 2006); see Johnson v. State, 660 So.2d 637, 645 (Fla.1995) (“The law is well settled that failure to raise an available issue constitutes an admission that no error occurred.”). Furthermore, the issue of the lawfulness of the detention was unavailable for argument on appeal because it was not properly preserved in the trial court.
The dissent asserts that by challenging the voluntariness of his consent on the specific ground that the consent resulted from a mere acquiescence to authority, I.R.C. put at issue the lawfulness of his detention. The position adopted by the dissent implies that whenever a defendant moves to suppress evidence, the State has the burden of adducing evidence with respect to every conceivable circumstance that might have a bearing on the defendant’s claim that the challenged evidence should be suppressed. Under the reasoning of the dissent, the State must meet this burden even with respect to circumstances that the defense does not specifically put at issue in the trial court. Furthermore, under the dissent’s reasoning, on appeal the State, as appellee, must not only respond to the specific reasons for reversal advanced by the defense but also anticipate and respond to other reasons for reversal that may be advanced by the reviewing court.
We reject the view expressed in the dissent because it is at odds with the structure of the appellate process which requires that a reviewing court ordinarily reverse only on the basis of the specific arguments presented by the appellant. See Philip J. Padovano, Florida Appellate Practice § 16.10, at 310 (2007 ed.) (“Generally, the appellate court will not reverse a case on a ground that was not argued in the briefs.”). The dissenting view is also inconsistent with the well-established law concerning the preservation of error under which an argument is “cognizable on appeal” only if it was a “specific contention asserted as legal ground” in the trial court for the appellant’s position. Steinhorst v. State, 412 So.2d 332, 338 (Fla.1982); see also § 924.051(3), Fla. Stat. (2005); § 924.051(1)(b).
The inappropriateness of reversing for a reason that has not been specifically argued by the appellant is illustrated by the court’s application of the preservation requirement in Perez v. State, 919 So.2d 347 (Fla.2005). In Perez, the defendant sought to suppress statements he had made to the police. Before the trial court, he contended that his statements were subject to suppression because “he made the statements ‘without a knowing and voluntary waiver of his rights,’ ” because he was “misled regarding his custody status,” and because he was subjected to “ ‘coercive measures, duress due to the time period involved.’” Id. at 359. On appeal, the defendant argued for the first time that suppression was required because the “recitation of the Miranda warnings” by the interrogating officer “was incomplete” and because of certain other circumstances related to the defendant’s interrogation, including an alleged promise that the “police would protect his family if he gave a statement.” Id. The court held that these points could not be considered on appeal because they were not “presented to the trial court.” Id.
The Perez court’s holding on the preservation issue is squarely at odds with the view expressed in the dissent that once a *589 defendant has challenged the voluntariness of his consent, any circumstance relevant to voluntariness can provide a basis for reversal even if that circumstance has never been suggested as a basis for reversal by the defendant. In Perez, the circumstances raised for the first time on appeal were clearly relevant to the voluntariness issue, but the failure of the defense to properly preserve an argument based on those circumstances precluded consideration of the circumstances as a basis for reversal.
Properly preserving an argument that a consent was involuntary requires that the defendant articulate to the trial court the specific reason or reasons that the consent was involuntary. The argument must be “sufficiently precise” to “fairly apprise [] the trial court” of the “grounds” asserted by the defendant as establishing the involuntariness of the consent. § 924.051(1)(b). A defendant may not argue in the trial court that a consent was involuntary for certain reasons and then obtain a reversal on appeal on the ground that the consent was involuntary for other reasons. Any specific reason for reversal must be a specific reason that was advanced by the appellant in the trial court. See Morrison v. State, 818 So.2d 432, 446 (Fla.2002); San Martin v. State, 705 So.2d 1337, 1345 (Fla.1997); Reyes v. State, 952 So.2d 1262, 1265 (Fla. 2d DCA 2007); Cady v. State, 817 So.2d 948, 949 (Fla. 2d DCA 2002); Phillips v. State, 877 So.2d 912, 913 (Fla. 4th DCA 2004); Forrester v. State, 565 So.2d 391, 393 (Fla. 1st DCA 1990).
Here, of course, consideration of the lawfulness of the detention is precluded not only because that specific basis for reversal was not preserved but also because it was not argued by I.R.C. on appeal.
The dissent also specifically asserts that “[b]ecause the State elected to not rely on the confidential tip as a justification for the deputy’s actions, it was unable to meet its burden” of establishing that I.R.C.’s consent was voluntary. The dissent thus concludes that somehow in the course of a dispute between the State and the defense over the deputy’s testimony concerning the information received from the confidential informant, the State effectively conceded that the detention of I.R.C. was unjustified. We doubt that this is a correct reading of what transpired in the trial court. In any event, we need not — and cannot— reach this specific point for one very simple reason: The point has never been argued by I.R.C.
We disagree with the view that we should reverse a judgment for reasons that were not presented by the appellant either before the trial court or on appeal.
Affirmed.
WHATLEY, J., Concurs.
FULMER, J., Dissents with opinion.