965 So.2d 1239 (2007)
Willie BURGESS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D07-678.
District Court of Appeal of Florida, Fourth District.
October 3, 2007.
Willie Burgess, Lake City, pro se.
Bill McCollum, Attorney General, Tallahassee, and Melanie Dale Surber, Assistant Attorney General, West Palm Beach, for appellee.
Prior report: 935 So.2d 119.
PER CURIAM.
This is an appeal from the circuit court's summary denial of appellant's rule 3.850 motion for post conviction relief. We reverse and remand for further attachment of records or for an evidentiary hearing.
Appellant alleged ineffective assistance of counsel for failing to move to suppress his confession after being read Miranda[1] warnings by the Broward County Sheriff's Office. The warnings given to appellant are the same which gave rise to Roberts v. State, 874 So.2d 1225 (Fla. 4th DCA 2004), rev. denied sub nom., State v. West, 892 So.2d 1014 (Fla.2005) (suspects must be informed of their right to have an attorney present before and during questioning). The circuit court has failed to attach records which conclusively refute appellant's allegations of ineffective assistance of counsel which have been sufficiently plead. As such, this matter must be reversed and remanded for further attachment or an evidentiary hearing. See Anthony v. State, 927 So.2d 1084 (Fla. 4th DCA 2006); Martelus v. State, 924 So.2d 881 (Fla. 4th DCA 2006); Stancle v. State, 917 So.2d 911 (Fla. 4th DCA 2005) (allegations that trial counsel was ineffective in failing to move for suppression of a statement made after *1240 defective Miranda warnings are legally sufficient).
SHAHOOD, C.J., STONE and KLEIN, JJ., concur.
NOTES
[1] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).