972 So.2d 264 (2008)
Willoghby HALL, Appellant,
v.
STATE of Florida, Appellee.
No. 4D07-2246.
District Court of Appeal of Florida, Fourth District.
January 9, 2008.
Willoghby Hall, Blountstown, pro se.
Bill McCollum, Attorney General, Tallahassee, and Katherine Y. McIntire, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Willoghby Hall appeals the trial court's order summarily denying his Florida Rule of Criminal Procedure 3.850 motion. We affirm the denial of appellant's first claim without discussion, and reverse the trial court's summary denial of appellant's second claim.
In his second claim appellant argued that trial counsel was ineffective for failing to argue in a motion to suppress that defective Miranda[1] warnings were given. Appellant specifically alleged that he was not advised that he had the right to have a lawyer present during questioning. The warnings given to appellant appear to be the same as those given in Roberts v. State, 874 So.2d 1225 (Fla. 4th DCA 2004), rev. denied sub. nom., State v. West, 892 So.2d 1014 (Fla.2005). Appellant's claim is legally sufficient, and the trial court failed to attach records that conclusively refute his allegations of ineffective assistance of counsel. See Burgess v. State, 965 So.2d 1239 (Fla. 4th DCA 2007); Louis v. State, 948 So.2d 869 (Fla. 4th DCA 2007); Anthony v. State, 927 So.2d 1084 (Fla. 4th DCA 2006); Stancle v. State, 917 So.2d 911 (Fla. 4th DCA 2005) (finding appellant's claim *265 trial counsel was ineffective for failing to file a motion to suppress on the basis that the Miranda warnings were deficient under Roberts to be legally sufficient).
Accordingly, we reverse and remand either for the attachment of portions of the record that conclusively refute this claim or for an evidentiary hearing.
STONE, POLEN and TAYLOR, JJ., concur.
NOTES
[1] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).