NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

F.C.,

        Appellant,

v.

STATE OF FLORIDA,

        Appellee.

Case No. 2D15-4252

Opinion filed November 18, 2016.

Appeal from the Circuit Court for Pinellas
County; Patrice W. Moore, Judge.

Howard L. Dimmig, II, Public Defender, and
Amanda V. Isaacs, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Elba Caridad Martin-
Schomaker, Assistant Attorney General,
Tampa, for Appellee.

LaROSE, Judge.

        F.C. pleaded guilty to possession of cannabis. The trial court withheld
adjudication and placed F.C. on nine months of probation. F.C. now appeals. We have
jurisdiction. See Fla. R. App. P. 9.140(b)(2)(A)(i). Because the trial court erred in
denying F.C.'s dispositive motion to suppress evidence, we reverse.

Factual Background

Officers Biandudi and Wyle were patrolling a Pinellas County neighborhood in a marked police car. They saw twelve-year-old F.C. and his friend, Pedro, playing in the grassy common area of their mobile home park. Officer Biandudi testified that the boys looked like they were just playing around and having fun. He saw nothing alarming. Nevertheless, he pulled over and stopped the patrol car. He and Officer Wyle exited the car. They were uniformed and armed. They approached the boys and asked if they could search them. The boys consented. The officers found small amounts of marijuana on each boy. The State charged each with possession of cannabis. F.C. moved to suppress the evidence.

At the suppression hearing, F.C. testified that he did not believe he was free to leave the scene or that he could refuse a search. He testified that these same officers had stopped him before and asked to search him. When he said no, they said that he looked suspicious and searched him anyway.

Pedro also testified at the hearing. Pedro recounted that these same officers had stopped him and F.C. and searched them before. He and F.C. could neither have walked away nor refused the search.

Defense counsel argued that the search was involuntary because of F.C.'s young age and his belief that he had no choice but to submit to the officers' authority. The trial court expressed dismay with the officers' arbitrary detention and search of children who were just playing. "[T]hey should have the right to play in what is basically their front yard without the police coming up and asking them can they search them." The trial court was "offended. . . . very offended." Nevertheless, the trial court felt compelled to deny the motion:

There is no case law in here that says that if a person feels like they have no choice, then they're coerced.

. . . .

[T]he reason why he felt that he needed to do it was because the officers had on a uniform and he felt that if he would have said no that it was going to happen anyway.

But there's no case law that you've given me that said if a person says yes and they're saying yes because an officer has on a uniform that they have been coerced into doing that.

Thereafter, F.C. entered a plea, reserving his right to appeal the denial of his dispositive motion to suppress. On appeal, he argues that the trial court erred in denying the motion because his consent to the search was not voluntary.

Analysis

Evidently, F.C.'s counsel provided no case law to support F.C.'s position that a child's consent is involuntary if he believes he has no choice but to submit to the officers' request to search. There are such cases. In A.H. v. State, 846 So. 2d 1215, 1217 (Fla. 5th DCA 2003), for example, the Fifth District held that a high-school freshman did not voluntarily consent to the assistant principal's search of his wallet where the student testified that he did not feel he could refuse the request to search. Similarly, in E.J. v. State, 40 So. 3d 922, 924 (Fla. 4th DCA 2010), the Fourth District held that a juvenile, who was a passenger in a vehicle stopped by police, did not voluntarily consent to a search of her person, but merely acquiesced to the officers' authority and what she thought was required.

The State must show that consent was voluntary, "a burden which is met by a preponderance of the evidence unless there is illegal conduct by the police." I.R.C. v. State, 968 So. 2d 583, 587 (Fla. 2d DCA 2007). "[T]he 'vulnerable subjective state of

- 3 -

the person who consents' is undoubtedly relevant to the determination of voluntariness . . . ." Id. (quoting Schneckloth v. Bustamonte, 412 U.S. 218, 229 (1973)). The defendant must point to factors such as age, education, intelligence, or mental condition that evidence such a vulnerable state, or to coercive circumstances or conduct by the police "that provides an objective grounding for [his] professed inability to decline the deputy's request to search." Id.  Whether a child consents to a search is analogous to whether a child waives Miranda[1] rights.  Like the question of consent to a search, the State bears a heavy burden to demonstrate a waiver of Miranda rights, and "[t]his burden is even heavier when the suspect is a juvenile." B.M.B. v. State, 927 So. 2d 219, 222 (Fla. 2d DCA 2006) (holding that fourteen-year-old questioned at her school by a police detective did not voluntarily waive her Miranda rights, considering the totality of circumstances including her age, experience, and background and that the detective did not provide her the opportunity to consult with a parent before being questioned); accord Ramirez v. State, 739 So. 2d 568, 575 (Fla. 1999); see also M.A.B. v. State, 957 So. 2d 1219, 1237 (Fla. 2d DCA 2007) (LaRose, J., dissenting).

Here, in addition to F.C.'s young age, he and Pedro both testified that these same officers searched him in a previous encounter, ignoring F.C.'s refusal to be searched.  The trial court considered these circumstances and concluded that F.C. and Pedro were not "green" because they had been stopped and searched before.  The implication is that where juveniles have experience with law enforcement, they will know their rights.  However, the opposite applies here—their experience taught them that saying no would not deter the police.

---

[1]Miranda v. Arizona, 384 U.S. 436 (1966).

The trial court's concluding words told the boys that they should say no anyway:

> What you guys need to know from now on, the answer is not just no, but if you curse, put the hell in front of it and say no to them about that because it is offensive when you're just playing and it's obvious that you're just playing.

Obviously, the trial court would have preferred to grant the motion to suppress but did not believe it could.

The trial court erred as a matter of law in concluding that no case law allowed a ruling that F.C.'s consent to search was involuntary. The trial court also abused its discretion in finding that F.C.'s prior experience with law enforcement showed that he knew he could say no to a search and the officers would not search him. Therefore, we reverse the trial court's order denying the motion to suppress.

Reversed.

SILBERMAN and ROTHSTEIN-YOUAKIM, JJ., Concur.